516 A.2d 1266

**COMMONWEALTH of Pennsylvania**

v.

**Darene Helen ROBBINS, Appellant.**

Superior Court of Pennsylvania.

Argued June 19, 1986.

Filed Nov. 5, 1986.

Lawrence B. Fox, Bethlehem, for appellant.

Michael Vedomsky, Assistant District Attorney, Easton, for Com., appellee.

Before CIRILLO, President Judge, and CAVANAUGH and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from judgment of sentence entered after a jury convicted appellant of prostitution. A sentence of one year probation and a $750 fine was imposed. Appellant was charged under section (b) of Prostitution and related offenses, 18 Pa.C.S.A. § 5902, which states that it is an offense to "knowingly promote prostitution of another by owning, controlling, managing, supervising or otherwise keeping, alone or in association with another, a house of prostitution or a prostitution business...."

The jury found appellant in violation of this section for her co-owner status of the Body Clinic, an establishment where semi-nude female employees perform massages on nude male customers for a fee. The "massage" included masturbation of the genitalia.

On appeal, appellant contends, *inter alia*, that section 5902 of the Pennsylvania Crimes Code, 18 Pa.C.S.A. § 5902, Prostitution and related offenses, is unconstitutionally vague and thus, void. Specifically, it is alleged that the

term "sexual activity" is inadequately defined. Section 5902 provides in pertinent part:

> **(a) Prostitution.**—A person is guilty of prostitution; a misdemeanor of the third degree, if he or she:
>
> (1) is an inmate of a house of prostitution or otherwise engages in *sexual activity as a business;* ... (Emphasis added)

Subsection (f) of section 5902 further defines sexual activity as "includ[ing] homosexual and other deviate sexual relations." In essence, appellant asserts she had no notice and fair warning as required by due process that she was violating the law by allowing manual genital stimulation for the payment of money.

It is well settled that "[a] criminal statute must give reasonable notice of the conduct which it proscribes to a person charged with violating its interdiction. Statutes which are so vague that they fail to provide such notice violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *Commonwealth v. Heinbaugh,* 467 Pa. 1, 5, 354 A.2d 244, 246 (1976). *See also Commonwealth v. Barnhart,* 345 Pa.Super. 10, 497 A.2d 616 (1985). A statute will be deemed violative of due process if the terms of the statute "... are so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application...." *Connally v. General Construction Co.,* 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 328 (1926); *Smith v. Goguen,* 415 U.S. 566, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). However, the constitutional prohibition against vagueness does not invalidate every statute which could have been drafted with greater precision. Due process requires only that the law give sufficient warning so that individuals may conform their conduct so as to avoid that which the law forbids. *Rose v. Locke,* 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975).

In addition to the aforementioned constitutional standards, this Court is mindful of the fact that "... a legislative enactment enjoys a presumption in favor of its constitu-

tionality and will not be declared unconstitutional unless it clearly, palpably and plainly violates the constitution. All doubts are to be resolved in favor of constitutionality." *Parker v. Children's Hospital of Philadelphia,* 483 Pa. 106, 111, 394 A.2d 932, 937 (1978). *See also Commonwealth v. Sterling,* 344 Pa.Super. 269, 496 A.2d 789 (1985); Statutory Construction Act of December 6, 1972, P.L. 1339, § 3, 1 Pa.C.S.A. § 1922(3).

Our research has disclosed only two Pennsylvania cases which have examined the application of the prostitution statute to the activity of masturbation of a male by a nude or semi-nude female for hire. Both cases on point are decisions of the Pennsylvania Common Pleas Court. First, in *Commonwealth v. Dougan,* 5 D. & C.3d 406 (1978), the defendant, who had been charged with a violation of section 5902 for the masturbation of a male client for a fee at a "spa", motioned to quash the complaint. The court granted defendant's motion to quash on the basis that prostitution, as defined in section 5902(a), requires sexual activity involving at least some penetration. After reviewing the history of section 5902, the court opined that:

> The sexual activity contemplated by prior legislation and the cases interpreting that legislation were confined to sexual intercourse. In the present act, the legislature clarified the prior law to include "homosexual and other deviate sexual relations." In all of these activities there must be penetration however slight, before the act is committed. . . .

*Dougan,* 5 D. & C.3d at 408. It is important to note, however, that the court in *Dougan* did not undertake a detailed constitutional analysis of the prostitution statute to determine whether the term "sexual activity" was unconstitutionally vague.

Conversely, Judge Wieand (now of this Court), while a Common Pleas Judge, in *Commonwealth v. Israeloff,* 8 D. & C.3d 5 (1978), concluded that the prostitution statute as applied to a genital massage for money is not unconstitutionally vague.

Upon examination of the prostitution statute, in light of the aforementioned constitutional standards, the court concluded the statute does not fail for vagueness because:

In the mind of a man of "common intelligence" the term sexual activity clearly encompasses masturbation as a business. Indeed, as we have already observed, it is difficult to believe that any man of common intelligence would consider the massaging of the genitals of an unclothed man by a nude or partially nude female to be anything other than sexual activity.

*Israeloff,* 8 D. & C.3d at 11.

■ Although we are not bound by either of these decisions, we find the analysis in *Israeloff* to be a more accurate application of the constitutional standards concerning vagueness. While the court in *Dougan* traced the history of the term "prostitution" from its common law origin, the court in *Israeloff* examined the term "sexual activity" in light of a constitutional void-for-vagueness challenge. We believe there is no question that appellant had notice and fair warning, as required by due process, that she was violating the law by allowing manual sexual stimulation for the payment of money. This is clearly not a situation where the conduct prohibited is so intangible or vague as to require men of common intelligence to guess at its meaning and differ as to its application. *Commonwealth v. Skufca,* 457 Pa. 124, 321 A.2d 889 (1974).

■ The statute in question was enacted to provide an ascertainable standard of conduct directed at a defined evil; such evil being the commercial exploitation of sexual gratification. *Commonwealth v. Potts,* 314 Pa.Super. 256, 273, 460 A.2d 1127, 1136 (1983). Furthermore, since the term "sexual activity" is undefined by the statute, we are obliged to construe that term according to its common and approved usage. *Barasch v. Pennsylvania Public Utility Com'n,* 507 Pa. 430, 490 A.2d 806 (1985). *See also Statutory Construction Act,* 1 Pa.C.S.A. § 1903(a). When the term "sexual activity" is examined in light of the statute's underlying purpose of prohibiting commercial exploitation of sex-

ual gratification and also in light of its common and approved usage, there is no doubt that masturbation for hire falls within the statute's proscription. Therefore, we find section 5902(a) is not unconstitutionally vague so as to cause appellant to seriously believe that she was not providing some form of sexual gratification for the payment of money.

■ Appellant's second allegation of error is that the Commonwealth failed to present sufficient evidence to support her conviction. We hold that this issue has not been properly preserved for appeal since appellant's post-verdict motion contains a mere boilerplate allegation of error in violation of *Commonwealth v. Holmes,* 315 Pa.Super. 256, 461 A.2d 1268 (1983). *See also Commonwealth v. Martin,* 346 Pa.Super. 129, 499 A.2d 344 (1985). *Holmes* requires that the post-verdict motion specify in what respects the evidence was insufficient. Appellant's post-verdict motion, on the other hand, briefly states: "... insufficient evidence existed at time of trial upon which to predicate a finding of guilt." This is not adequate to preserve the sufficiency of evidence issue for appellate review.

■ Appellant also alleges the lower court erred in introducing various receipts and marked cash into evidence which were seized by police during a search of the Body Clinic. Specifically, appellant claims the credit card slips, treatment contracts, accounting sheets and approximately $800 in cash were not relevant to the charges against her. We are in full agreement with the trial court's conclusion that this evidence was "indeed relevant to the prostitution charges facing defendant in reference to proof of the 'business' element of 'sexual activity as a business', as defined in the Prostitution Statute." (Slip Op. at p. 7). The evidence tended to prove that the services offered at the Body Clinic were provided in exchange for the payment of money, thus proving a required element of the offense.

Appellant also contends the court erred in instructing the jury that prostitution under the Crimes Code could consist of the massage of male genitals by a semi-nude female and

in refusing to instruct the jury on appellant's related points for charge. Since we have determined, as a matter of law, that the massage of the male genitals for the payment of money constituted a violation of section 5902 of the Crimes Code, it was not error to so instruct the jury at trial.

■ Appellant also alleges that the trial court erred in refusing to permit counsel for appellant to present certain specific questions during voir dire. The eight questions which were refused sought to elicit answers from the panel on their opinion of what they perceived the law of the Commonwealth of Pennsylvania to be in relation to prostitution. We first note that the scope of voir dire examination is within the sound discretion of the trial court and will not be disturbed on appeal absent palpable error. *Commonwealth v. Colson*, 507 Pa. 440, 490 A.2d 811 (1985); *Commonwealth v. Merrick*, 338 Pa.Super. 495, 488 A.2d 1 (1985). The sole purpose of voir dire is to provide the accused with a competent, fair, impartial and unprejudiced jury. *Commonwealth v. Hamm*, 325 Pa.Super. 401, 473 A.2d 128 (1984). The questions proposed by appellant attempted to question the panel on their interpretation of the law; it is the court's function to instruct on the law and the questions were not relevant to the voir dire goal of providing the accused with a competent, fair, impartial and unprejudiced jury.

■ Appellant's next allegation is that the district attorney committed reversible error during cross-examination of appellant by inferring that she maintained the burden of proof concerning the status of certain bank accounts. Specifically, appellant testified on cross-examination that her name was not on the Body Clinic account after July of 1984 since she had signed a card at the bank to remove her name from the account. The district attorney then asked her whether she had brought that card to court, to which appellant answered, no (T.T., 4/11/85, pp. 133–336). Appellant's argument is meritless as the Commonwealth's inquiry into the status of the bank account was entirely proper in attempting to refute facts raised by the appellant on direct examination.

██ Lastly, appellant contends the court erred in instructing the jury that it was not bound by the alleged date of criminal activity set forth in the information. The information lodged against appellant stated that "on (or about) August 9, 1984," the appellant did engage in sexual activity as a business. The jury, during its deliberation, transmitted a question concerning the date of the alleged criminal activity. The court then instructed the jury that,

The Commonwealth is not restricted to proof of the crime of the exact date stated in the information, so long as it can prove the commission of the crime on some fixed date with reasonable certainty and within the prescribed statutory period, which, in this case, is two years ...

(T.T., 4/11/85, p. 191). Counsel for appellant raised no objection at the time the answer was given to the jury. The Commonwealth did not attempt to prove that the criminal activity occurred at a time other than August 9, 1984 and evidence of appellant's alleged ownership or management of the Body Clinic prior to August 9th was relevant to prove her continuing involvement on August 9, 1984, the date appellant's two alleged employees were arrested for prostitution. Thus, the court's instruction was proper.

Accordingly, judgment of sentence is affirmed.

Judgment of sentence affirmed.