# In re Appeal of Autohaus Lancaster Inc.

*William J. Cassidy Jr.*, for Autohaus.

*Christopher S. Underhill,* for Zoning Hearing Board and Manheim Township.

GEORGELIS, *J.*, February 13, 1989 — Before the court is the appeal of Autohaus Lancaster Inc. from the decision of the Manheim Township Zoning Hearing Board, which decision directed Autohaus to remove a Volkswagen vehicle from the roof of its property. Manheim Township has intervened, and, along with Autohaus, has filed a brief. Oral argument having been heard, the appeal is ready for disposition. For the reasons stated below, it will be denied, and the decision of the board will be affirmed.

## FACTS

The facts, relevant to the disposition of this appeal and as found by the board, are the following.

Autohaus is an automobile dealership, which is located on property it owns at 1373 Manheim Pike in the township, Lancaster County. That property is located in a business district B-4 zone in the township.

The portions of the township's Zoning Ordinance no. 1987-30, which regulate signs and which are relevant to this appeal, became effective on November 9, 1987. On February 25, 1988, Autohaus had a Volkswagen vehicle on the roof of its building and thereby above the building's roof line. On that same date, Autohaus was issued a notice of violation, directing it to remove that vehicle because it constituted, pursuant to the ordinance, a sign that impermissibly projected above the building's roof line in violation of section 1706-A(4) of the ordinance.

On March 1, 1988, Autohaus filed an application appealing the notice on the grounds, inter alia, that: the vehicle does not constitute a sign; section 1706-A(4) is inapplicable; the use of the vehicle constitutes a non-conforming use; and the ordinance is unconstitutionally vague and overbroad. A hearing on that application was held before the board on April 4, 1988. Autohaus has placed different vehicles at the same location on the roof of its building since approximately February 23, 1967, and, to accommodate the weight of those vehicles, it has reinforced the roof of the building with a 30' x 60' x 4" concrete and steel slab. The vehicles are parked, one at a time, on the slab, do not overhang the sides of the building and are approximately six feet away from the edge of the building.

Authohaus's purpose for so placing the vehicles is to identify its business as a Volkswagen dealership, and, in addition to the vehicles, it has a sign, which was attached some time in 1981, and a Volkswagen

logo on the roof of the building. Other than the notice of violation, no one has complained to Autohaus about the placement of the vehicles on the roof.

Since February 1967, Autohaus has changed the vehicles, with the use of a crane, originally once per month and now once every three months. Except for when the vehicles are being changed, there generally is no period of time when there is not a vehicle on the roof.

With these findings of fact, the board concluded that: (a) the vehicles placed on the roof are signs, within the meaning of the ordinance; (b) the vehicles are attached to the building; (c) section 1706-A(4) of the ordinance is applicable and Autohaus is in violation of that section because the vehicles project above the roof line; (d) Autohaus has the burden of proving that its use of the vehicles constitutes a legal and non-conforming use and has failed to meet that burden; (e) Autohaus has the burden of proving the relevant provisions of the ordinance are unconstitutional and has failed to meet that burden; and (f) the relevant provisions of the ordinance are not unconstitutionally vague or broad.

Having drawn those conclusions, the board denied Autohaus's application and directed it to stop placing vehicles on the roof of its building. From that denial, Autohaus filed a timely appeal, placing the matter before this court.

## DISCUSSION

The parties had agreed by stipulation that Autohaus's appeal presents eight issues for our determination. At oral argument, Autohaus abandoned one of those issues, leaving the following seven:

(A) Whether the vehicles are signs, as defined by the township's ordinance.

(B) Whether placing the vehicles on the roof violates section 1706-A(4) of the ordinance.

(C) Whether the township is equitably estopped from enforcing the ordinance as to Autohaus.

(D) Whether the use of the vehicles has non-conforming status.

(E) Whether the definition of a sign in the ordinance is unconstitutionally vague and over-broad.

(F) Whether the ordinance is in violation of the United States Constitution's First Amendment as an unreasonable restriction of free speech.

(G) Whether the ordinance is an invalid exercise of police power in that it fails to promote the public health, safety and welfare and in that the regula-tions are not substantially related to the purposes of the ordinance.

We will address each of these issues individually. We note at the onset that our scope of review in this appeal, since the record has been made before the board and since no additional evidence was presented before us, is limited to determining whether the board committed an abuse of discretion or an error of law. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 554-5, 462 A.2d 637, 639-40 (1983).

## Issue A
### Are the Vehicles Signs?

To address this issue, our attention is first directed to section 1701 of the ordinance which defines a sign as:

"[A]ny identification, description, illustration or device, illuminated or non-illuminated, which is

visible from any public place and which directs attention to a product, service, place, activity, person, institution, business or solicitation . . . ."

Autohaus contends that the vehicles are not signs within this definition and argues that interpreting the definition to include them as signs would lead to the result that all vehicles on Autohaus's lot would be signs and would require permits, pursuant to another section of the ordinance. The township argues that Autohaus's position ignores the portion of the definition which requires attention to be directed to a product or place of business. It further contends that, even though vehicles on a dealer's lot may have the incidental effect of attracting business, they are not placed there for that purpose.

We agree with the township and note that the board found, based on the testimony of Autohaus's witness, that the purpose of placing the vehicles on the roof is to identify Autohaus's business as a Volkswagen dealership. Autohaus asks us to find the language of the definition ambiguous, construe it strictly and interpret it in its favor. We believe the language in the definition is clear, and we have no difficulty including the vehicles within the ordinance's definition either as "identifications" or as "devices." *Webster's Seventh New Collegiate Dictionary* (1963) defines "identification," inter alia, as "evidence of identity" and defines "device," inter alia, as "a piece of equipment or a mechanism designed to serve a special purpose or perform a special function."

We believe the record establishes that the vehicles on the roof are evidence of the identity of Autohaus's dealership, that they are placed there for the purpose of performing the special function of calling the public's attention to Autohaus's business and that they accomplish that purpose. Accordingly,

we do not believe that the board abused its discretion or committed an error of law in finding that the vehicles are signs within the definition in the ordinance.

## Issue B

### Is Section 1706-A(4) Applicable?

The next issue involves the ordinance's section 1706-A(4), which states, in part, as follows:

"Signs attached to a building:

"Each sign shall be placed either (A) parallel to building facade and projecting not more than 12 inches therefrom, or (B) in alignment with outer facing of a covered passageway and at least eight feet above the finished floor thereof; or (C) at right angles to building facade and under covered passageway and at least eight feet above the finished floor of such passageway. In any case, such sign shall not project above the roof line or top of parapet."

Autohaus argues that this section is not applicable because it deals with signs attached to a building, which is not the case instantly, and because the restriction that a sign not project above the roof line applies only to signs placed on the facade of a building or in alignment with the outer facing of a covered passageway. The township argues that, even though the word *attached* appears in the title of section 1706-A(4), under rules of statutory construction, the title cannot control the plain words of a statute unless an ambiguity exists in its text, which is not the case instantly. In the alternative, the township argues that the vehicles are attached to the building by virtue of their being joined to it, and for this argument the township relies on the definitions of the words *attach* and *join*.

We believe Autohaus's position is untenable for two reasons. First, we believe that section 1706-A(4) prohibits the projection of any sign above a building's roof line. Second, we believe that, without the applicability of that section to the vehicles involved in this case, Autohaus would be prohibited from using the vehicles, since they would not fit into any other definition of a permitted sign under the ordinance. Both of these reasons, of course, rely on our earlier finding that the roof vehicles are signs.

We will explain the second of these reasons first. Section 1706 of the ordinance deals with signs which are permitted in business and industrial districts. Section 1706-A lists the signs permitted in B-1 and B-2 districts; section 1706-B lists the signs permitted in B-3 districts; and section 1706-C lists the signs permitted in B-4, I-1 and I-2 districts.

Specifically, section 1706-C, which is the applicable one for the herein appeal, lists, as permitted signs, those listed in section 1706-B and panel type signs, which are defined as off-the-premises billboards. Section 1706-B lists, as permitted signs: those listed in section 1706-A, free-standing signs and signs displaying automotive fuel prices. A free-standing sign is defined as a permanent one, erected on a foundation or supported by a structure or pole specifically designed to support it. Section 1706-A lists, as permitted signs: permanent signs, free-standing signs, temporary signs, signs attached to a building and awning signs.

Therefore, since Autohaus's property is within a B-4 zone, it is by virtue of section 1706-A's inclusion of signs attached to a building that this kind of sign and its definition are relevant to this issue of Autohaus's appeal. Permanent signs are defined as re-

quiring permanent affixing or installation; and temporary and awning signs, by definition, are made of some fabric.

From these definitions, we do not believe that the vehicles involved in this case qualify as panel type, free-standing, fuel-price-displaying, permanent, temporary or awning signs. Therefore, the only remaining definition which would permit the use of the vehicles as signs is section 1706-A(4)'s signs attached to a building. Accordingly, Autohaus's contention that section 1706-A(4) is inapplicable is untenable.

Moving to our other reason for believing Autohaus's position is untenable, i.e. section 1706-A(4) prohibits the projection of any sign above a building's roof line, even though we agree with the township's alternate argument on this issue, we note that the township's first argument is also untenable. As noted, the township first argues that, because the text of section 1706-A(4) is clear, the words in its title cannot be considered. It then contends that, becuase the text prohibits the projection of any sign above a roof line, the vehicles are in violation of the ordinance. However, without reference to the title of that section, that prohibition is inapplicable to Autohaus's vehicles, since the balance of the text identifies only three permissible signs — those parallel to a building's facade, those in alignment with a covered passageway's outer facing or those at right angles to a building's facade or covered passageway — and the vehicles are not one of those three types. Accordingly, for the roof-line prohibition to be applicable to the vehicles, the text to section 1706-A(4) must be read in conjunction with its title.

As noted above, we agree with the township's alternate argument that the vehicles are attached to

the building, and we believe it is the most compelling one proffered on this issue. Both parties agree that the definition of the word *attach* includes the word *join,* and, as the township notes in its brief, the definition of *join* includes the putting or bringing into close association or relationship. *The American Heritage Dictionary* (Second College ed. 1982). By virtue of the vehicles' resting on the slab on top of the roof of Autohaus's building, they are obviously in physical contact with it, which places them in close association and relationship to it. Therefore, we conclude that they are attached to the building.

With this conclusion, we find that Autohaus is in violation of section 1706-A(4) in two ways. The vehicles do not qualify as one of the three permitted signs within that subsection and they project above the roof line of the building. We do not believe that the board abused its discretion or committed an error of law in concluding that the vehicles are attached to the building and that Autohaus is in violation of section 1706-A(4).

## *Issue C*
### *Equitable Estoppel*

The doctrine of equitable estoppel is one of fairness and prevents a party from taking a position which is inconsistent with a position previously taken and thus disadvantageous to the other party. *Curran v. Eberharter,* 361 Pa. Super. 65, 74-5, 521 A.2d 474, 480 (1987). On this issue Autohaus argues that, should we deem the sign ordinance to be applicable, the township should be estopped from enforcing it as to it under this doctrine. Autohaus refers us, in support of this argument, to *Caporali v. Ward,* 89 Pa. Commw. 621, 625, 493 A.2d 791, 793-4 (1985), which held that the follow-

ing three elements are indispensable for the application of the doctrine: "(1) municipal failure to enforce the law over a long period of time or some form of 'active' acquiescence of the illegal use; (2) good faith throughout the proceedings by the property owner; and (3) innocent reliance evidenced by substantial expenditures." It then contends that the record factually establishes these three elements.

The township argues that the doctrine of equitable estoppel cannot be applied without a showing of prejudice and refers us to *Sullivan v. Zoning Board of Adjustment,* 83 Pa. Commw. 228, 478 A.2d 912 (1984). It also argues that, under a more recent decision of our Commonwealth Court, *Crawford Appeal,* 110 Pa. Commw. 51, 531 A.2d 865 (1987), the first element required by the *Caporali* court was expanded to require municipal failure to enforce *and* active acquiescence in the illegal use.

We believe the township accurately states the current status of the law. We note that the *Crawford* court, in discussing the first element, states:

"One factor is a long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation, *in conjunction with* some form of 'active' acquiescence in the illegal use. What is well-settled is that a mere showing that a municipality has failed to enforce the law for a long period of time is insufficient in itself to support the grant of a variance." *Crawford Appeal* at 55, 531 A.2d at 867-8. (emphasis in original)

In reviewing the record made before the board, we note the testimony of Autohaus's witness that the notice of violation was the only complaint ever received by Autohaus as to the vehicles' being on the roof, and we note the board's finding of fact to that effect. However, the record is devoid of any

evidence of any form of the township's active acquiescence in the illegal use. Accordingly, we conclude that the board's unwillingness to apply the doctrine of equitable estoppel was neither an abuse of its discretion nor an error of law.

## Issue D
### Non-Conforming Status

A non-conforming use is an existing use which, when it began, was lawful either because there was no zoning ordinance or because there was an ordinance permitting it and the ordinance was subsequently changed. A property owner has a constitutional right to continue a non-conforming use unless the municipality proves that it has been abandoned. *Tantlinger v. Zoning Hearing Board of South Union Twp.*, 103 Pa. Commw. 73, 77, 519 A.2d 1071, 1073 (1987). Autohaus argues that its current use of the vehicles should be granted non-conforming status because the use was lawful on the effective date of the ordinance, which was November 9, 1987. The township argues that the use was not lawful at its inception.

Autohaus has the burden of proving that the use of the vehicle was lawful prior to the enactment of the ordinance. Our review of the record indicates no evidence was presented by Autohaus on that issue, and we, therefore, conclude that it has failed to carry its burden of proof. In fact, in an effort to provide Autohaus the benefit of any doubt, we reviewed the complete record made before the board and have determined that the use at its inception, which Autohaus established as being approximately February 23, 1967, was unlawful.

The record contains copies of the relevant portions of all previous zoning ordinances enacted by

the township, and our review of them indicates that the ordinance enacted on February 13, 1956 was the one in effect at the inception of the use of the vehicles by Autohaus. Section 1203(5)(B) of that ordinance states, inter alia, that business signs, in no case, shall project above the roof line. Accordingly, we conclude that Autohaus did not carry its burden of proof, that it is not entitled to non-conforming status for its use of the vehicles and that the board did not abuse its discretion or commit an error of law in denying that status.

## Issue E
### Is the Ordinance Unconstitutionally Vague and Overbroad?

On this issue, Autohaus contends that the ordinance's definition of *sign* is not specific enough for an individual of common intelligence to determine what would be permitted and what would be proscribed and that the word *device* is subject to countless interpretations. The township argues that, even though an ordinance may be found violative of due process if its terms are vague, due process only requires that the law give sufficient warning so that individuals may conform their conduct so as to avoid that which the law forbids. For this proposition, the township refers us to *Commonwealth v. Robbins*, 358 Pa. Super. 225, 230, 516 A.2d 1266, 1268 (1986).

In analyzing this issue, we begin with the proposition that a zoning ordinance is presumed to be constitutionally valid and that a judicial construction consonant with this presumption is to be preferred. *Board of Supervisors of Upper Merion Twp. v. McDonald's Corp.*, 91 Pa. Commw. 299, 344, 497 A.2d 264, 266 (1985). Accepting this proposition

and applying the *Robbins, supra,* standard, the test is whether the ordinance may be understood by persons of common intelligence. See *Commonwealth v. Barnhart,* 345 Pa. Super. 10, 497 A.2d 616 (1985). After reviewing the ordinance and all of its definitions, we cannot agree with Autohaus's position. We believe the ordinance, along with the normally accepted definitions of its key words, more than clearly defines what signs are permitted and what the limitations of those signs are.

Next on this issue, Autohaus argues that the ordinance's definition of sign is overbroad, so much so that it includes all types of visual communication and thereby limits First Amendment protected commercial speech. Again, Autohaus has the burden of proving this alleged unconstitutionality but has produced no evidence to do so. We believe the argument is meritless, and we will simply note that the ordinance permits a wide variety of commercial signs, several of which, as the record indicates, Autohaus is currently using. We conclude that the ordinance is neither unconstitutionally vague nor overbroad and that the board did not abuse its discretion or commit an error of law in so determining.

## Issue F

### Does Ordinance Violate First Amendment?

On this issue, Autohaus contends that, pursuant to *Heffron v. International Society of Krishna Consciousness Inc.,* 452 U.S. 460, 101 S.Ct. 2559, 69 L.Ed. 2d 298 (1981), commercial speech is entitled to First Amendment protection and that the ordinance violates that protection. *Heffron* held that an ordinance which regulates free speech is constitutional only if: (1) it is imposed without a reference to

the content of the regulated speech, (2) the regulation serves a significant governmental interest and (3) there are ample alternative channels for communication. Autohaus contends that *Heffron's* second requirement is not met because the ordinance fails to effectively serve the goals it is designed to achieve. The township argues that two of the ordinance's purposes are to avoid the uncontrolled proliferation of signs and to preserve the wholesome and attractive character of the township and that there is a significant governmental interest which is directly served by regulating the placement and structure of signs within the township.

We agree with the township's position on this issue. Section 1700 of the ordinance provides its statement of purpose and states as follows:

"The purpose of this article is to:

"(1) Regulate signs in such a way as to support and complement land use objectives set forth in the Zoning Ordinance and Comprehensive Plan, to avoid uncontrolled proliferation of signs, and to preserve the wholesome and attractive character of the township.

"(2) Ensure that all signs within the township are compatible with existing land uses and/or buildings within the general area of the sign and/or the community as a whole, with regard to size, location, color, message, construction, materials, and manner of display.

"(3) Permit such signs that do not confuse, obstruct the vision necessary for traffic safety, or otherwise endanger the pubic health, safety, morals, or general welfare, and to recognize that the general welfare includes a community that shall be beautiful as well as healthy, spacious as well as clean, and well balanced in its growth and development."

We believe that these purposes identify a number of significant governmental interests and that the ordinance's efforts to regulate the types and placement of signs within the township effectively serve those purposes. Autohaus does not contend that the ordinance fails to meet the other two *Heffron* requirements, and we will not, therefore, specifically address them. However, we will note that we believe the ordinance satisfies them as well. Accordinglt, we conclude that the ordinance does not violate the U.S. Constitutions's First Amendment and that the board did not abuse its discretion or commit an error of law in so concluding.

## *Issue G*

### *Is Ordinance an Invalid Exercise of Police Power?*

On this issue, Autohaus contends that the ordinance is an invalid exercise of police power in that it fails to promote the public health, safety and welfare and in that its regulations are not substantially related to the purposes it purports to serve. In support of this contention, it refers us to *Clover Leaf Trailer Sales Company v. Pleasant Hills,* 366 Pa. 116, 76 A.2d 872 (1950), which held that the language of a zoning ordinance must be construed in the light of the purpose of the legislation. The township argues that the specifically stated purposes of the ordinance are to promote the public health, safety and welfare.

In analyzing this issue, we begin with the proposition, as noted in the township's brief, that a municipality has the power to regulate signs, billboards and other advertising media when such regulation is not unreasonable, arbitrary or discriminatory and bears a reasonable relationship to public safety, morals, health and welfare. *Borough of Dick-*

*son City v. Patrick Outdoor Media Inc.,* 90 Pa. Commw. 628, 631-2, 496 A.2d 427, 429 (1985). We then move to the proposition, as also noted in the township's brief, that any party asserting that a statute or regulation is an unreasonable exercise of the police power must meet a heavy burden of proof. *Department of Environmental Resources v. Locust Point Quarries Inc.,* 483 Pa. 350, 362, 396 A.2d 1205, 1211 (1979). In addition, an ordinance is presumed constitutional, and its challenger must prove that it is clearly, palpably and plainly unconstitutional. *Judd v. Zoning Hearing Board of Middletown Twp. et al.,* 74 Pa. Comm. 535, 539, 460 A.2d 404, 406 (1983).

Autohaus, in its brief, refers us to testimony taken before the board regarding the presence of the vehicles on the roof, their compatibility with the surrounding area and their not endangering the public health, safety, morals or general welfare. Its challenge, however, in asserting that the ordinance is an invalid exercise of police power, is to prove that the sign regulations are unreasonable, arbitrary or discriminatory. Our review of the record produced no evidence whatsoever to carry this heavy burden of proof.

We do note that Autohaus, in its brief, states that some of the criteria set forth in the ordinance's purposes are merely based on aesthetics. Even though aesthetic reasons may not furnish the sole basis of regulation of signs, billboards and other outdoor advertising media, *Norate Corp. Inc. v. Zoning Board of Adjustments,* 417 Pa. 397, 406, 207 A.2d 890, 895 (1965), aesthetics and property values are legitimate considerations in a municipality's exercise of its zoning power to promote the

general welfare. *Mont-Bux Inc. v. Township of Cheltenham,* 36 Pa. Commw. 397, 401-2, 388 A.2d 1106, 1107 (1978).

Autohaus has failed to prove the ordinance's sign regulations are unreasonable, arbitrary or discriminatory. Accordingly, we do not believe that the township abused its discretion or committed an error of law in concluding that the ordinance is constitutional.

Accordingly, we enter the following

### ORDER

And now, February 13, 1989, for all of the reasons stated in the foregoing opinion, the appeal of Autohaus Lancaster Inc. from the decision of the Manheim Township Zoning Hearing Board is denied, and the board's decision of May 2, 1988 is affirmed.