SUTLIFF ENTERPRISES,
INC., Appellant

v.

SILVER SPRING TOWNSHIP
ZONING HEARING
BOARD.

Commonwealth Court of Pennsylvania.

Argued Sept. 5, 2007.

Decided Oct. 2, 2007.

Keith O. Brenneman, Mechanicsburg, for appellant.

Steven A. Stine, Hummelstown, for appellee.

BEFORE: PELLEGRINI, Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Sutliff Enterprises, Inc. (Sutliff) appeals from an order of the Court of Common Pleas of Cumberland County (trial court), dismissing Sutliff's land use appeal. Sutliff filed a land use appeal with the trial court following a decision of the Silver Spring Township Zoning Hearing Board (Board) denying its appeal from a determination of the Silver Spring Township Zoning Officer that portable searchlights it intended to use at its car dealerships within the Township constituted prohibited signs under the Township's Zoning Ordinance (Ordinance). We now affirm.

Sutliff operates numerous car dealerships throughout the Commonwealth, including at least two within Silver Spring Township (the Township). By letter dated July 10, 2006, Sutliff requested that the Township Zoning Officer issue a written determination as to "whether the use of portable searchlights" at these two dealerships "would or would not be permissible under the ... Ordinance." (R.R. at 30a). In this letter, Sutliff noted that the lights would not be permanently mounted and that the purpose of the lights would be to "call attention generally to the business locations and on occasion to specific pro-

motional sales and events." *Id.* Further, Sutliff specifically requested a determination as to whether or not the use of the searchlights constituted a "sign" under the Ordinance. By letter dated July 13, 2006, the Zoning Officer issued a determination that the searchlights were not permitted.

Sutliff thereafter filed an appeal with the Board. The Board conducted a hearing on September 6, 2006, which included limited testimony from John Sutliff and the Township Zoning Officer. Following the hearing, by decision dated October 4, 2006, the Board denied Sutliff's appeal. In its decision, the Board concluded that the portable searchlights, which would be used to attract attention and to communicate a message that a special event is taking place, constituted signs under the Ordinance. The Board also concluded that the portable searchlights were expressly prohibited as "rotating, or oscillating signs" under Section 313.2.8.A of the Ordinance. (R.R. at 44a). Further, the Board concluded that the very nature of the searchlight was to direct its beam off site, which conflicts with Section 313.2.6 of the Ordinance requiring floodlights or spotlights to be "shielded so there is no direct light transmitted to other properties or public rights-of-way." *Id.* Sutliff proceeded to file a land use appeal with the trial court.

However, by opinion and order dated March 1, 2007, the trial court dismissed Sutliff's land use appeal. In its decision, the trial court cited to a decision from the Court of Common Pleas of Lancaster County in *In re Appeal of Autohaus Lancaster, Inc.,* 4 Pa. D. & C. 4th 69 (1989), a case in which a car dealership placed one of its automobiles on the roof of its business. In dismissing the dealership's appeal of an order directing that the vehicle be removed from the roof, the Common Pleas Court in that case concluded that the purpose of placing the vehicle on the roof was to identify the dealership as a Volkswagen dealership and, as such, constituted a sign under the applicable zoning ordinance. In the present case, the trial court indicated that the issue was whether Sutliff's stated purpose of using the portable searchlights at its dealerships to "call attention generally to the business locations and on occasion to specific promotional sales and events" constituted a sign, not whether the searchlight device itself was a sign. (R.R. at 30a). The trial court thereafter indicated its agreement with the Board that the searchlights herein constituted a prohibited sign under the Ordinance. Sutliff then filed a notice of appeal with the trial court.

On appeal,[1] Sutliff argues that the trial court and the Board erred as a matter of law and/or abused their discretion in finding that the use of portable searchlights constituted a prohibited sign under the Ordinance. We disagree.

Section 112.C of the Ordinance defines "SIGN" as "[a] device for visual communication that is used to bring the subject to the attention of the public, but not flags or other insignia of any government, fraternal, or similar organization." (R.R. at 55a). Additionally, as the Board noted in

---

1. Our scope of review in land use appeals is well established. Where a full and complete record was made before the governing body and the lower court takes no additional evidence, such as the case here, our scope of review is limited to determining whether the governing body committed an error of law or abused its discretion. *See Herr v. Lancaster County Planning Commission,* 155 Pa.

Cmwlth. 379, 625 A.2d 164 (1993), *petition for allowance of appeal denied,* 538 Pa. 677, 649 A.2d 677 (1994). A conclusion that the governing body abused its discretion may be reached only if its findings of fact are not supported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

its opinion, Section 313.2.8.A of the Ordinance expressly prohibits "rotating, or oscillating signs" and Section 313.2.6 of the Ordinance requires floodlights or spotlights to be "shielded so there is no direct light transmitted to other properties or public rights-of-way." (R.R. at 44a).

In its July 10, 2006, letter requesting that the Township Zoning Officer issue a written determination as to the permissibility of the portable searchlights, Sutliff specifically indicated that said searchlights were intended "to call attention generally to the business locations and on occasion to specific promotional sales and events." (R.R. at 30a). In other words, Sutliff's own stated purpose of the searchlights was to call attention to its car dealerships both generally and during special event times. In addition, during the September 6, 2006, hearing before the Board, Mr. Sutliff indicated that the searchlights do indeed "oscillate." (R.R. at 14a, 16a).

In its brief to this Court, Sutliff argues that a beam of light is not a sign, as it is not a device that can communicate or transmit information. However, Sutliff's argument is without merit and contradicts the very purpose stated in its July 10, 2006, letter to the Township Zoning Officer. Pursuant to the testimony of Mr. Sutliff before the Board, the searchlights in the present case consist of four canister lights mounted to a movable trailer. While Sutliff attempts to direct its argument solely to the beam of light emanating from these searchlights, Sutliff ignores the whole "device" in this case, i.e., the movable trailer with the mounted canisters producing beams of light.[2] Moreover, we see no other purpose to the use of these searchlights other than to convey attention to the dealerships and/or highlight special

sales. This purpose was confirmed by Sutliff itself in its July 10, 2006, letter.

Thus, we see no error or abuse of discretion on the part of the Board or the trial court in finding that the use of portable searchlights constituted a sign under the Ordinance. Also, as Mr. Sutliff testified that these searchlights oscillate and Section 313.2.8.A of the Ordinance expressly prohibits "oscillating signs," we see no error or abuse of discretion on the part of the Board or the trial court in finding that these searchlights constituted prohibited signs.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 2nd day of October, 2007, the order of the Court of Common Pleas of Cumberland County is hereby affirmed.

---

**2.** Sutliff likewise attempts to divert attention in this case by indicating that neither the Zoning Officer nor the Board considered the trailer by itself as an impermissible sign.