582 A.2d 1111

**COMMONWEALTH of Pennsylvania**

v.

**Reginald GLOVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 17, 1990.

Filed Nov. 29, 1990.

William B. Houston, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before OLSZEWSKI, KELLY and BROSKY, JJ.

OLSZEWSKI, Judge:

This is an appeal from judgment of sentence. The defendant, Reginald Glover, was found guilty after a non-jury trial of possession of a controlled substance with intent to deliver [35 Pa.C.S.A. § 780–113(a)(30)], possession of drug paraphernalia [35 Pa.C.S.A. § 780–113(a)(32)], criminal conspiracy [18 Pa.C.S.A. § 903], and possession of an offensive weapon [18 Pa.C.S.A. § 908]. Glover was sentenced to an aggregate term of three to six years.

On appeal, Glover argues that the convictions for possession with intent to deliver and conspiracy are faulty because the trial court failed to suppress illegally obtained evidence and erroneously allowed the admission of hearsay evidence. Alternatively, Glover contends that those verdicts are based upon insufficient evidence and/or are against the weight of the evidence. Finding no merit to Glover's claims, we affirm.

On September 2, 1988, police executed a search and seizure warrant for the third-floor apartment of 2436 North Park Ave. Officers at the rear of the building observed Glover toss a green trash bag from a third-floor window (N.T. at 24–27, 140–43). Another male, Andy Evans, tossed a white box from the same window (N.T. at 28, 142). The trash bag contained two fully loaded and operational shotguns (N.T. at 27, 81, 143–44). The white box contained forty-one vials and a 12.8 gram chunk of crack cocaine (N.T. at 72, 173).

Officers reached the third floor and forced the barricaded door (N.T. at 105–06). They found Glover and Evans in the bedroom surrounded by several hundred empty vials, thousands of small packaging bags, an 18" by 12" mirror

covered with white dust, twenty-three 12–gauge shotgun shells and a bank safe (N.T. at 113–126). The police also searched the first-floor room where Glover resided. There they confiscated a black book entitled "Record" in which various dates and sums of money were noted (N.T. at 161–65).

Glover's motion to suppress the evidence seized from his apartment was denied, and he proceeded to trial without a jury. At trial, the Commonwealth offered the black book as circumstantial evidence of the conspiracy and possession with intent to deliver charges. Glover offered the testimony of three character witnesses: his sister, a fellow tenant, and a friend. All stated that they had never seen Glover with drugs or guns and testified to his excellent reputation in the community (N.T. at 211–50).

Glover was convicted and sentenced as indicated above. Post-trial motions were timely filed and denied. This timely appeal followed.

Glover initially claimed that the trial court erroneously denied the motion to suppress the evidence seized from his first-floor apartment. In his brief, however, Glover concedes that this issue is frivolous (appellant's brief at 5). Accordingly, we need not address this issue.

█ Glover asserts that the introduction of the record book constituted hearsay and that the book's prejudicial impact outweighed its probative value. The admission or exclusion of evidence is a matter for the sound discretion of the trial judge. *Commonwealth v. Shain,* 324 Pa.Super. 456, 460, 471 A.2d 1246, 1248 (1984). Absent an abuse of discretion or an error of law, the court's ruling will not be disturbed. *Commonwealth v. Wallace,* 522 Pa. 297, 309 n. 15, 561 A.2d 719, 725 n. 15 (1989).

█ The initial challenge to the introduction of the book argues that the book is classic hearsay. We do not agree. Hearsay is "an out of court statement offered to prove the truth of the matter asserted." *Heddings v. Steele,* 514 Pa. 569, 573, 526 A.2d 349, 351 (1987) (citations

omitted). In the instant case, the book was not offered to prove the truth of the sums and dates it contained, only that these types of records were kept and were in the possession of Glover (trial court opinion at 3.) A written statement is not hearsay if offered to prove that it was made rather than its truth. *Commonwealth v. Cohen,* 371 Pa.Super. 558, 564, 538 A.2d 582, 585, *alloc. denied,* 520 Pa. 581, 549 A.2d 914 (1988). This book was offered to show that it existed and was found in Glover's room; as offered, it is not hearsay.

 Next, Glover asserts that the admission of the book was more prejudicial than probative. Glover argues that since no proof was offered as to who authored the entries in the book, or that those entries referred to particular drug transactions, the jury's interpretation of the entries is speculation. We do not agree. The book was found in Glover's apartment placing it in his constructive possession. *Commonwealth v. Macolino,* 503 Pa. 201, 207, 469 A.2d 132, 135 (1983). To be relevant, evidence need establish only the possibility, not the probability, that the defendant committed the crime. *Commonwealth v. Yarris,* 519 Pa. 571, 588, 549 A.2d 513, 522 (1988), *cert. denied, sub nom., Yarris v. Pennsylvania,* — U.S. —, 109 S.Ct. 3201, 105 L.Ed.2d 708 (1989). This book, with entries indicating possible drug transactions, was relevant and therefore had probative value. We do not find that the prejudicial impact of the book so outweighed that value as to rise to an abuse of the trial judge's discretion. *Commonwealth v. Krajci,* 283 Pa.Super. 488, 493, 424 A.2d 914, 917 (1981) (citations omitted).

 Glover also contends that there is insufficient evidence to support the convictions for possession with intent to deliver and conspiracy. When faced with such a claim, this Court must determine whether all the elements of the crime have been proven beyond a reasonable doubt viewing the record in the light most favorable to the prosecution as verdict winner. *Commonwealth v. Hugney,* 491 Pa. 222,

227, 420 A.2d 422, 424–425 (1980). With this standard in mind, we review the evidence.

A conspiracy is an agreement to commit an unlawful act; the agreement can be proven by the relation, conduct, or circumstances of the parties. *Commonwealth v. Jackson*, 506 Pa. 469, 473, 485 A.2d 1102, 1104 (1984). Glover was found at a place well known as a drug manufacturing and sale location (N.T. at 214–15, 218, 241, 251). Glover was found with a person who had attempted to dispose of a large quantity of cocaine. Glover attempted to dispose of incriminating evidence at the same time and place as did Evans. A contemporaneous attempt to dispose of evidence is sufficient to establish a conspiracy. *Commonwealth v. Tumminello*, 292 Pa.Super. 381, 388, 437 A.2d 435, 439 (1981). Evidence relevant to the drug vending operation, the book, was found in Glover's apartment. Viewing the record in a light favoring the prosecution, sufficient evidence to support the conspiracy conviction was presented.

All of the facts and circumstances surrounding the possession of a controlled substance must be examined to determine the question of possession with intent to deliver or transfer. *Commonwealth v. Davis*, 331 Pa.Super., 285, 304, 480 A.2d 1035, 1045 (1984). Here, Glover challenges the evidence establishing his possession. It is true that it was Evans, not Glover, who was seen tossing the drugs from the window; but Glover could be guilty under a theory of constructive possession. The keys to constructive possession are the defendant's knowledge of the item in question and his intent and ability to control same. *Commonwealth v. Carroll*, 510 Pa. 299, 302, 507 A.2d 819, 821 (1986). Here, Glover was found in the middle of a drug-packaging operation and had actively participated in an attempt to hide evidence. Clearly sufficient knowledge, intent, and ability are shown.

Glover cites a number of Pennsylvania cases wherein constructive possession was held not to be established. We

hold that Glover's active participation in the attempt to dispose of the evidence is sufficient to distinguish those cases.

Further, as a conspirator, Glover is chargeable with the acts of his co-conspirator. Evans indisputably possessed a large amount of cocaine and paraphernalia sufficient to establish possession with intent to deliver. *Commonwealth v. Santiago*, 462 Pa. 216, 223–227, 340 A.2d 440, 444–445 (1975). Thus, Evans' conduct supports Glover's conviction.

 Glover's final contention is that these two convictions are against the weight of the evidence. We are aware that the Supreme Court has recently stated that a challenge to the weight of the evidence is not appealable. *Wallace, supra* 522 Pa. at 314, 561 A.2d at 728. Still, as a challenge to the weight of the evidence was not specifically raised in *Wallace*, this statement may be *obiter dicta*. Accordingly, we will examine Glover's claim.

A new trial is only warranted if the verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Hunter*, 381 Pa.Super. 606, 616, 554 A.2d 550, 555 (1989). Suffice it to say from our discussion above that we are not shocked.

 Nor does the character evidence presented by Glover change this result. Credibility determinations are the sole province of the factfinder, who can believe all, part, or none of the evidence. *Jackson, supra* 506 Pa. at 473–475, 485 A.2d at 1104–5. We will not disturb the credibility determination of the Honorable Mark I. Bernstein.[1]

Judgment of sentence affirmed.

---

1. We note in passing that Glover characterizes his witnesses as unimpeached. Nonetheless, the potential bias of the witnesses—one was Glover's sister, another his friend, the third his neighbor—could properly impact the credibility determination.