## Landherr v. Kmart Corp.

*Lawrence Hannaway,* for plaintiffs.
*W. Kelly McWilliams,* for defendant.

FIELD, *J.,* June 18, 1999—Plaintiffs, Joseph E. Landherr and Carol Landherr, appeal from the denial of their motion for post-trial relief following a jury verdict for the defense on November 12, 1998. Plaintiffs' motion listed several reasons for granting the relief requested, but this court found none of them to be persuasive. For the reasons which follow, judgment entered for the defendant was proper and should be affirmed.

This matter arose from an incident which occurred on October 5, 1995, at a Kmart store, located at 900 Orthodox Street in Philadelphia. Although the facts were in dispute, it was agreed that at that time, plaintiff Joseph Landherr was a customer and was injured when something fell from a shelf. The questions for the jury was what actually fell, what caused the object(s) to fall and what was the extent of Mr. Landherr's injuries. Trial commenced in this matter on November 4, 1998. After four days of testimony and one and a half days of deliberations, the jury returned a unanimous verdict for the defense. Plaintiffs timely filed their post-trial motion, seeking a new trial, claiming, inter alia, that the verdict was "a miscarriage of justice" as well as against the weight of the evidence. Plaintiffs also allege that the court erred in allowing defense expert witnessess to testify beyond the scope of their reports. Each of these arguments is without merit.

When reviewing a jury's verdict, the evidence must be viewed in the light most favorable to the verdict winner. *Boutte v. Seitchik,* 719 A.2d 319 (Pa. Super. 1998). A jury's determination is not to be disturbed as long as there is sufficient evidence on the record to support it. *Fannin v. Cratty,* 331 Pa. Super. 326, 480 A.2d 1056 (1984). It is the province of the jury to determine the

credibility of each witness. *Commonwealth v. Glover,* 399 Pa. Super. 610, 582 A.2d 1111 (1990). The jury may decide to accept all, some, or none of a witness' testimony. *Id.*

In this case, the jury was presented with the following testimony. Plaintiff Joseph Landherr stated that at approximately 4 p.m. on October 5, 1995, he was shopping in the Kmart store located at 900 Orthodox Street in Philadelphia. He wanted to purchase some large Rubbermaid totes (*i.e.* large plastic storage boxes with matching lids, 18" x 18" x 10"), but they were located on a shelf too high for him to reach. He requested assistance and John Gerding, a departmental manager, came to help him. According to Mr. Landherr, Mr. Gerding brought a six-foot ladder and placed it against the shelving unit where the totes were situated. Mr. Landherr then variously testified: (1) that a shelf collapsed, causing 30 to 50 small containers to fall on him; (2) that Mr. Gerding knocked containers off a shelf which hit him in the face; (3) that a shelf hit him in the face; (4) that he fell against a shelf on the opposite side of the aisle, thereby injuring his back; (5) that he fell against a shopping cart in the aisle, thereby injuring his back; (6) that 10 small containers with a total weight of less than 10 lbs. hit him; (7) that 80 lbs. of merchandise fell on him; (8) that his nose was broken; and (9) that his nose was not broken. Mr. Landherr testified that the incident injured his back so severely that he had to retire on a disability pension. Further testimony revealed that he had injured his back at work a few years earlier. Further, both Mr. Landherr and his wife testified that since the incident at Kmart, Mr. Landherr could not do house and yard work, or lift groceries and rarely, if ever, attended social functions.

John Gerding testified that on the day in question, he was asked to assist a customer, Mr. Landherr, in removing two totes from the high shelf. He stated that in the housewares department where the totes were located, one side of the aisle contained shelving full of such containers. Across the aisle was pegboard which held hangers, garment bags and the like. Mr. Gerding testified that using a two-step stool from a display in an adjacent aisle, he got down the totes. He stated that while he was turned away from Mr. Landherr, he heard a noise. When he turned around, he saw Mr. Landherr picking up a few lids from one gallon containers, each lid weighing less than two ounces. He asked Mr. Landherr if he realized his nose was bleeding, and offered him first aid.

Mr. Gerding then escorted the plaintiff to the office of Linda Sergei, loss control manager of the store. Ms. Sergei testified that she offered Mr. Landherr ice and a band-aid. She filled out a report according to what he told her had happened, that "the merchandise was stacked too high," and sent him across the street to a hospital for a nasal x-ray. Mr. Landherr did not complain about his back nor did he tell her that he had hit his back on anything. In fact, Ms. Sergei stated that Mr. Landherr seemed to make light of the whole incident. She conducted no follow-up investigation because she did not deem the incident to have been serious. The hospital records reflect only injury to Mr. Landherr's nose. There is no mention of any complaint or examination regarding his back.

Mr. Gerding further testified that he later realized that he and his wife knew the plaintiffs, as both couples parked trailers at the same campgound in Mays Landing, New Jersey. In order to reach their trailer, the Gerdings had to

pass the Landherrs' trailer. A few weeks after the incident, the Gerdings were heading to their trailer when they saw both of the Landherrs unloading shopping bags from their car. The Gerdings stopped their car and Mr. Gerding asked Mr. Landherr how his nose was. Mr. Landherr responded that it was fine. Mrs. Landherr asked how the Gerdings knew about her husband's nose, and then asked if it was because they had seen him at the campground Halloween party the previous week. Mr. Gerding told them that he and his wife had not attended the party, but that he was the salesman in Kmart who had been assisting Mr. Landherr on October 5. Both Mr. and Mrs. Gerding testified that after Mr. Gerding identified himself, both Mr. and Mrs. Landherr became quiet and changed their attitude from friendly to accusatory. Mrs. Gerding further testified that she had seen pictures of the Halloween party in the campground office which showed Mr. Landherr in costume and engaged in activities. Both Mr. and Mrs. Landherr had testified that they did not attend the party. Moreover, Mr. Gerding testified that Mr. Landherr had been observed by him doing maintenance work around his trailer.

In light of the conflicting testimony outlined above, it was within the jury's discretion to discredit plaintiffs' testimony. Based upon the record, the jury's verdict should not be disturbed.

The jury was given a verdict sheet with three questions. The first question was whether the defendant was negligent. The jury was instructed to proceed to the next question only if they answered the first in the affirmative. The second question was whether the negligence was a substantial factor in bringing about the plaintiff's harm. The jury was instructed to proceed to the third

question only if they answered the second in the affirmative. Third, they were asked to state the damages sustained by the plaintiffs. Because the jury answered "no" to the first question, their deliberations ended at that point.

Several of plaintiffs' allegations of error concern medical and vocational testimony presented. Since all of that testimony related only to the question of damages, which the jury did not reach, we need not address those issues. Other allegations of error concerned the admission of hearsay testimony. Since most of the testimony found objectionable by the plaintiffs consisted of admissions by parties, the statements were properly admitted as hearsay exceptions pursuant to Rule 803(25) of the Pennsylvania Rules of Evidence. Hence, these arguments, too, must be rejected.

For all of the above reasons, the judgment for the defendant entered on December 1, 1998 was proper and should be affirmed.