**Bennyhoff v. Pappert**

*Rudolph V. DeGeorge II,* for plaintiffs.
*Thomas A. Kuzmick,* for defendants.

FIELD, *J.,* March 1, 2001—Defendants appeal from judgment entered on a jury verdict for the plaintiffs, rendered June 21, 2000. Defendants base their appeal on several issues. These can be grouped as follows. First, the defendants allege that the court erred in its evidentiary rulings. Second, the defendants argue that the trial court erred in charging the jury. Finally, the defendants assert the amount that the verdict was speculative, excessive and punitive. For the following reasons, these arguments are without merit, and judgment in favor of the plaintiffs should be affirmed.

A jury trial commenced in this matter on June 19, 2000. After three days of trial, the jury returned a verdict for the plaintiffs in the amount of $3,002,000; awarding $3,000,000 to Ms. Bennyhoff and $2,000 to her husband on a consortium claim. The jury further found that 67 percent of the causal negligence was attributable to the defendants and 33 percent was attributable to Ms. Bennyhoff. The court molded the verdict accordingly, to $2,011,340.

The facts established at trial are as follows. On June 16, 1997, Christine Bennyhoff was traveling on her bicycle north on Broad Street, to the right of traffic in the right hand lane. She stopped for a red light at the intersection of Broad and Locust Streets. Her intended destination was on the opposite side of Broad Street. In order to get there she needed to cross four lanes of traffic, which at that time was very heavy. Ms. Bennyhoff testified that she thought that the safest way to accomplish this was to pedal into the crosswalk and cross the street with pedestrians. As she entered the crosswalk, she was struck by a truck and pushed to the right. She was then struck a second time on her shoulder.

Francis Pappert, the driver of a Brinks security truck, testified that his truck was the fourth vehicle from the intersection in the right-hand northbound lane on Broad Street, and was proceeding to the intersection with the intent to turn right on Locust Street, which is one way, eastbound. As he approached the intersection, he signaled a right turn. As he made this turn, his passenger and co-worker, Lenny James Jenkins, yelled at him to stop. Mr. Jenkins testified (by deposition) that he yelled

in reaction to the yelling of bystanders who were shouting, "Stop!" Upon exiting the truck, both men, saw Ms. Bennyhoff and her bicycle on the ground.

Ms. Bennyhoff testified that she was able to get up and cross the street to The Sporting Club, her original destination. At that facility she went to a physical therapist who applied ice to both knees. Afterwards she went home and felt worse. She then went to the hospital emergency room where her knees were x-rayed. She was treated and released. Three days later she went to see Dr. Segal, a chiropractor who ordered both an MRI and an x-ray of her neck. Noting the severity of her injuries, Dr. Segal referred Ms. Bennyhoff to Dr. Lieberman, an orthopedic surgeon. In the following two years, Ms. Bennyhoff underwent various treatments to her knees, including injections and two surgeries. At the time of trial, she still suffered the effects of the accident. Ms. Bennyhoff testified at length about how her injuries have limited her enjoyment of life and adversely affected her employment. At the time of the accident, Ms. Bennyhoff was 31 years old.

Defendants have raised five issues regarding evidentiary rulings made at trial. A reversal based on an erroneous evidentiary ruling is warranted only where the ruling has caused actual prejudice. *Aldrige v. Edmunds,* 561 Pa. 323, 750 A.2d 292 (2000). No such prejudice occurred.

The first error alleged is that the court improperly allowed photographs of the accident scene, taken not at the time of the accident, but taken at a later date to illustrate the logistics of the accident. At no time was the

jury led to believe that these were actual photographs taken at the time of the accident. Moreover, no significant changes to the area had occurred in the intervening period. Additionally, these photographs had been provided to defense counsel during discovery, and defense counsel had utilized them in examining the plaintiff. The court properly found that the probative value of the pictures outweighed any possible prejudice. Hence, the exhibits were properly admitted.

The second evidentiary error alleged was the admission of photographs of Ms. Bennyhoff receiving injections in her knees. These were presented by the plaintiffs to rebut any defense evidence that her knees were "fine," to demonstrate to the jury what Ms. Bennyhoff had experienced since her accident and to corroborate Dr. Lieberman's testimony. The photographs were therefore relevant under Pa.R.E. 401 and properly admitted.

The third evidentiary error alleged was the admission of certain medical bills. The only bills presented were those which were for "out of network" providers and thus not "paid or payable" within the meaning of 75 Pa.C.S. §§1719 and 1722. Plaintiff was entitled to recover for these expenditures. Hence, the bills were properly admitted.

Fourth, defendants objected to the admission of an itemization of plaintiff's earned income. This objection, too, is without merit. Ms. Bennyhoff testified that her injuries reduced her ability to work. A specific wage claim loss was not presented at trial; rather, the income evidence was presented to substantiate her claim of decreased activity. As such, its admission was proper.

Finally, defendants' fifth evidentiary complaint is that the court erred in allowing the testimony of Dr. Lieberman because his report was submitted after the initial deadline and that, pursuant to Pa.R.C.P. 4003.5, his testimony should have been precluded. While defendants are correct in that Rule 4003.5 allows for such a sanction, it does not mandate it. Instead, the trial court is required to balance all the facts and circumstances of the case to determine the prejudice, if any, caused by each discovery violation. *Wolloch v. Aiken,* 756 A.2d 513 (Pa. Super. 2000).

Factors to be considered included whether there was surprise, whether there was bad faith, and whether the prejudice, if any, could be cured. *Id.,* quoting *Feingold v. SEPTA,* 512 Pa. 567, 517 A.2d 1270 (1986). In the instant matter, Dr. Lieberman was called not only as an expert, but as a treating physician. His identity was not a surprise. An extension had been requested because during discovery Ms. Bennyhoff was still undergoing treatment. Under these circumstances, preclusion of Dr. Lieberman's testimony was not warranted.

Defendants next seek a new trial based on alleged defects in the court's instructions to the jury. In determining the adequacy of jury instructions, the charge must be viewed as a whole. A new trial is not warranted so long as the charge in its entirety adequately and accurately reflects the law. *Von der Heide v. PennDOT,* 553 Pa. 120, 718 A.2d 286 (1998).

Defendants assert that the court erred by rejecting their proposed point for charge relating to negligence per se. The question of plaintiff's negligence was prop-

erly one for the jury to determine, and it would have been error to include, rather than to exclude, such a charge. Similarly, defendants object to instructions given regarding admissions by a party and the medical expenses submitted. When viewed in its entirety, the charge accurately reflects prevailing law and was proper.

The remaining allegations of error pertain to the verdict itself. Defendants assert, inter alia, that the verdict was excessive, speculative, punitive, against the weight of the evidence and against the charge of the court. When reviewing a jury's verdict, the evidence must be viewed in the light most favorable to the verdict winner. *Boutte v. Seitchik,* 719 A.2d 319 (Pa. Super. 1998). A jury's determination is not to be disturbed as long as there is sufficient evidence on the record to support it. *Fannin v. Cratty,* 331 Pa. Super. 326, 480 A.2d 1056 (1984). It is the province of the jury to determine the credibility of each witness. *Commonwealth v. Glover,* 399 Pa. Super. 610, 582 A.2d 1111 (1990). The jury may decide to accept all, some or none of a witness's testimony. *Id.*

In light of the evidence recited above, including Ms. Bennyhoff's previously active lifestyle, her multiple treatments and surgeries, and her relative youth at the time of the accident, the verdict, while large, is not so excessive as to shock the court. There is sufficient evidence on the record to support the jury's verdict. Neither a new trial as to damages nor a remittitur is warranted.

For all of the foregoing reasons, judgment as entered on October 30, 2000, should be affirmed.