**Brown v. Albert Einstein Medical Center**

C.P. of Philadelphia County, August Term 1997, no. 0787. ˙

*David C. Federman,* for plaintiff.
*Cy Goldberg,* for defendants.

FIELD, *J.,* May 4, 2001—Plaintiff, Phyllis Brown, appeals from this court's order of December 13, 2000, denying her motion for post-trial relief. For the reasons which follow, the post-trial motion was properly denied, and judgment entered on December 29, 2000, in favor of the defendants, should be affirmed.

A jury trial commenced on June 5, 2000. Plaintiff alleged that defendant doctor severed nerves while removing a fibroid tumor, thereafter causing incontinence. Plaintiff raised both negligence and informed consent claims. The negligence claim was based on the actions of the surgeon during the procedure. The informed consent claims were two-fold. First, plaintiff argued that she consented to the drainage of an abscess, not the removal of a fibroid tumor. Secondly, plaintiff argued that any consent she did give was not "informed," because she was not adequately apprised of alternatives to surgery. The jury returned a defense verdict on all counts.

In her post-trial motion, plaintiff raises five arguments. First, she argues that the jury verdict sheet was improper because there were not separate negligence questions for the hospital and the doctor. Second, plaintiff argues that the court erred in precluding a missing witness argument in counsel's closing remarks. Third, the court erred in allowing testimony regarding the lack of FDA approval for an alternative drug therapy. Fourth, the court's rulings, taken together, denied the plaintiff a fair trial. Finally, plaintiff argues that the verdict was against the weight of the evidence. These arguments will be addressed in turn.

## 1. THE VERDICT SHEET WAS PROPER

Plaintiff objects to the omission of a separate question as to the negligence of the hospital. The only defendant listed on the jury questionnaire was Guy Hewlett M.D. It had been previously stipulated that Bruce Pierce M.D., a resident, was an employee of defendant Albert Einstein Medical Center. The parties agreed that Dr. Hewlett was in charge during the plaintiff's surgery. Consequently, the plaintiff dropped her claim against Dr. Pierce. The release of Dr. Pierce also acted as a release of the hospital under an ostensible agency theory based on Pierce's actions. *Walls v. Hazleton State General Hospital,* 157 Pa. Commw. 170, 629 A.2d 232 (1993), *appeal denied,* 536 Pa. 649, 639 A.2d 35 (1994). It was further agreed that Dr. Hewlett was a hospital employee, and that the hospital would be held liable if he were found negligent. As there was no evidence of corporate negligence upon which the hospital could be found independently responsible for plaintiff's injuries, the only basis for hospital

liability was on an ostensible agency theory based upon negligence by Dr. Hewlett.

Since there was no independent basis upon which to hold the hospital negligent, there was no reason for a separate question concerning the hospital's liability. Hence, limiting the jury questions to Dr. Hewlett was proper.

## 2. THE COURT PROPERLY PRECLUDED PLAINTIFF'S "NEGATIVE INFERENCE" ARGUMENT

Plaintiff argues that her counsel should have been permitted to argue that a negative inference could be drawn from Dr. Pierce's absence at the trial. However, Dr. Pierce was no longer an employee of the defendant hospital; he no longer resided in the Commonwealth; and he had been dismissed from the action. Thus, defense counsel had no more ability to compel his appearance than did plaintiff.

An adverse inference may be drawn from a witness's absence only when three requirements are met: (1) the potential witness must be available to only one party; (2) the potential witness must have special knowledge relevant to a material issue; and (3) such evidence must not be cumulative. *Kovach v. Solomon,* 732 A.2d 1 (Pa. Super. 1999). Since all three of these requirements were not met, plaintiff's argument was properly precluded.

## 3. THE COURT PROPERLY ADMITTED TESTIMONY REGARDING THE DRUG LUPRON

Plaintiff's informed consent claim was premised, inter alia, on the claim that consent to surgery was not informed because plaintiff was not advised about alterna-

tives to surgery, including the use of Lupron in the treatment of fibroid tumors. The testimony objected to concerned the timing of FDA approval for the drug. At the time of plaintiff's surgery, Lupron had *not* been approved by the FDA for use in treating tumors such as hers. Plaintiff argues that Dr. Hewlett's testimony on this subject contradicted his deposition testimony. Such could be the basis for cross-examination or argument, but is not a basis for excluding the witness's answer.

## 4. PLAINTIFF RECEIVED A FAIR TRIAL

Plaintiff finds fault with several rulings. None of these arguments have merit. Two of the rulings complained of were evidentiary. A reversal based on an erroneous evidentiary ruling is warranted only where the ruling has caused actual prejudice. *Aldridge v. Edmunds,* 561 Pa. 323, 750 A.2d 292 (2000).

Plaintiff argues that she is entitled to a new trial based on the failure of the court to strike this testimony. On cross-examination of plaintiff's expert, Burt Cagir M.D., defense counsel asked, "Doctor, you're not here to criticize the—actual surgery, am I correct?" Dr. Cagir answered, "No." (Cagir video transcript, p. 31.) Plaintiff's counsel objected and moved to strike both the question and answer, on the ground that the exchange was misleading and unclear. The objection was overruled. Any unclear response could have been followed up on re-direct. There has been no showing that this ruling caused any actual prejudice. Hence it cannot be the basis for a new trial.

Next, plaintiff moves for a new trial on the grounds that the court improperly allowed defense counsel to ask

plaintiff's psychiatric expert about a prior hospitalization. Plaintiff claimed as one of her injuries major depression. Hospital notes from a prior admission included a diagnosis of acute depression in connection with an abortion. The court allowed questions about the prior diagnosis of depression, but precluded any mention of the abortion. Because plaintiff raised the issue of depression and claimed such as an element of her damages herein, any prior history of depression was relevant, Hence, a new trial is not warranted on these grounds, either.

Plaintiff claims that she was unfairly prejudiced by a two-and-a-half-day recess in the middle of trial. The recess was neither prejudicial nor entirely unexpected. During voir dire several potential jurors made it known to the court that they had graduations to attend within the anticipated trial period. No objection to their performing jury service at that time was made. Thus, counsel together selected these jurors for service. Originally, the court was going to sit a few half days because of these conflicts. As the trial progressed, plaintiff rested sooner than anticipated and defense counsel was having difficulty scheduling witnesses to be heard during the half days. The trial court, within its sound discretion, determined that a recess followed by uninterrupted trial days was a practical solution to the scheduling conflicts. No error occurred.

## 5. THE VERDICT WAS SUPPORTED BY THE EVIDENCE

When reviewing a jury's verdict, the evidence must be viewed in the light most favorable to the verdict win-

ner. *Boutte v. Seitchik,* 719 A.2d 319 (Pa. Super. 1998). A jury's determination is not to be disturbed as long as there is sufficient evidence on the record to support it. *Fannin v. Cratty,* 331 Pa. Super. 326, 480 A.2d 1056 (1984). It is the province of the jury to determine the credibility of each witness. *Commonwealth v. Glover,* 399 Pa. Super. 610, 582 A.2d 1111 (1990). The jury may decide to accept all, some or none of a witness' testimony. *Id.*

In light of all the evidence presented at trial, including conflicting evidence regarding the cause of Ms. Brown's incontinence, the availability of alternate treatments, and Ms. Brown's prior medical history, there were sufficient bases for the jury to find that the plaintiff had not met her burden and render a defense verdict.

For all of the foregoing reasons, judgment as entered on December 29, 2000, in favor of the defendants, should be affirmed.