**[J-16-2014]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, STEVENS, JJ.**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 45 MAP 2012 |
| | : |
| Appellant | : Appeal from the order of Superior Court at |
| | : No. 1669 MDA 2010 entered 09-16-2011, |
| | : reconsideration denied 11-22-2011, |
| v. | : reversing and remanding the judgment of |
| | : sentence of the Cumberland County Court |
| | : of Common Pleas, Criminal Division, at No. |
| AMY N. KOCH, | : CP-21-CR-2876-2009, dated 07-20-2010. |
| | : |
| Appellee | : ARGUED:   October 16, 2012 |
| | : RESUBMITTED: February 19, 2014 |

### OPINION IN SUPPORT OF REVERSAL

**MR. JUSTICE EAKIN**                    **DECIDED:   December 30, 2014**

I agree with the Opinion in Support of Affirmance that the trial court did not abuse its discretion in determining the Commonwealth met its burden as to the text messages. However, I write separately because I disagree with the view that authorship is a relevant part of authentication analysis. See Opinion in Support of Affirmance, at 14. I also disagree that the text messages were hearsay.

Regarding authentication, Rule 901 requires only that the proponent of the item establish it is what he claims it is. See Pa.R.E. 901(a). As the Commonwealth established the criminal content of the text messages and the ownership of the cell phone, the threshold requirement for authentication was met, and any question concerning the actual author or recipient of the text messages bore on the evidentiary weight to be afforded to them. See Trial Court Opinion, 11/30/10, at 13 ("[T]here was

sufficient circumstantial evidence to authenticate the cellular phone as belonging to [appellee], and sufficient authenticity of the messages contained therein. The possibility that a person other than [appellee] was the author of the drug-related text messages went … to the weight of the evidence rather than admissibility of the messages."). Respectfully, I believe the Opinion in Support of Affirmance mistakenly conflates authentication and authorship; the latter is not a requirement of the former under the Rule or the facts of this case. Authorship may be pertinent to the value of the evidence, but it is not a part of authenticating it.

I also disagree that modern communications technology can present "novel questions" with regard to authentication issues and that the authentication inquiry must be fact-bound and case-by-case. See Opinion in Support of Affirmance, at 14, 16. There is no reason to analyze these electronic messages differently than a "traditional" handwritten note; there is no need for a new rule of law for authentication simply because recordation is electronic. Rule 901 rightly requires evidence that an item such as a note, be it electronic or quill on papyrus, is what the proponent of the item says it is. The logic of authentication does not change with the nature of the message or its recording, and the mysteries of ever-changing technology offer no reason to change venerable legal concepts and principles in response.

Application of the principles can be adaptable, but the principles are unchanging. We cannot alter our manner of review every time there is new technology — technology changes every day, but the rules under which we operate, having the firmness of integrity in the first place, cannot ebb and flow with the perpetual creation of new manifestations to which they must be applied. The Rule, and the standards behind it, will accommodate the appropriate consideration of new technology. What must advance is our understanding of it, and we should not essay to reinvent the process because the details

are electrons on a screen instead of paper and pencil. The factors that may bear on the evidentiary value of a message may vary with the nature of its recording, but relevance is a very discrete notion from authentication.

Regarding hearsay, Pennsylvania Rule of Evidence 802 provides: "Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Id., 801(c). A "statement," as pertinent to this instance, is an oral or written assertion, id., 801(a), and a "declarant" is a person who makes a statement, id., 801(b). Thus, any "out[-]of[-]court statement offered not for its truth but to explain the witness's course of conduct is not hearsay." Commonwealth v. Rega, 933 A.2d 997, 1017 (Pa. 2007) (citing Commonwealth v. Sneed, 526 A.2d 749, 754 (Pa. 1987)).

In the instant case, the text messages were not offered to prove the truth of the matter asserted — i.e., that the "tree look[ed] good[.]" Trial Court Opinion, 11/30/10, at 9. Rather, the messages were offered to demonstrate activity involving the distribution or intent to distribute drugs and the relationship between the parties sending and receiving the messages. See Commonwealth v. Murphy, 613 A.2d 1215, 1225 n.11 (Pa. Super. 1992) (business papers, receipt books, and other memoranda were not hearsay because they were offered only "to show that the parties mentioned therein were associated with one another" (citation omitted)); Commonwealth v. Glover, 582 A.2d 1111, 1113 (Pa. Super. 1990) (book noting dates and sums of money was not hearsay because it was offered "only [to show] that these types of records were kept and were in the possession of [the defendant]"). The trial court properly admitted the text messages because they

were not hearsay statements.   Accordingly, I would reverse the decision of the Superior Court and reinstate appellee's judgment of sentence.

Mr. Justice Stevens joins this opinion.