538 A.2d 582

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Lee Lewis COHEN, Appellant.**

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Terry George RUGER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1987.

Decided Feb. 23, 1988.

Peter P. Griffin, Public Defender, Lock Haven, for appellant in 309.

Harold N. Fitzkee, Jr., York, for appellant in 310.

Merritt E. McKnight, District Attorney, Lock Haven, for Com., appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

OLSZEWSKI, Judge:

This is a consolidated appeal from the trial court's judgment of sentence following a jury trial at which appellants were convicted of prostitution and related offenses in violation of 18 Pa.C.S.A. § 5902(b)(1). For the reasons stated below we affirm the order of the trial court.

Appellants were the owners and operators of the Taj Mahal II, a massage parlor. They were brought to trial on the charge of promoting prostitution of another person by owning, controlling, managing or supervising a house of prostitution. The basis for the charge was the giving of a full body massage by nude female masseuses. The massage included a "hand release", a euphemistic term for masturbating the male clients of the establishment. Following appellants' conviction of promoting prostitution, post-trial motions were filed and denied. This appeal followed.

Appellants raise three issues for our review: (1) did the lower court err in finding that 18 Pa.C.S.A. § 5902 was not unconstitutionally vague as applied to the instant case; (2) was it proper for the court to deny appellant Cohen the right to testify concerning his reliance on legal information and advice which he had received before entering into the "massage" business; and (3) was the trial court correct in its decision to permit introduction of the testimony of an employee as an admission against appellants even though appellants were not present when the statement was made.

Prostitution is prohibited in Pennsylvania by 18 Pa.C.S.A. § 5902, Prostitution and Related Offenses. Section 5902 provides in pertinent part:

(a) Prostitution—a person is guilty of prostitution; a misdemeanor of the third degree, if he or she:

(1) is an inmate of a house of prostitution or *otherwise engages in sexual activity as a business;* ...

(Emphasis added.). Sexual activity is defined in 18 Pa.C. S.A. § 5902(f) as including homosexual and other deviate sexual relations.

■ Appellants contend that the definition of "sexual activity" is a limited one not including masturbation or genital massage. Alternatively, they contend that Section 5902 is vague and was unconstitutionally applied in the instant case.

We feel that both of these contentions are adequately addressed by this Court's prior pronouncements in this area.

With respect to the contention that "sexual activity" does not include masturbation or genital massage, this Court stated the following:

"In the mind of a man of 'common intelligence' the term sexual activity clearly encompasses masturbation as a business. Indeed, as we have already observed, it is difficult to believe that any man of common intelligence would consider the massaging of the genitals of an un-

clothed man by a nude or partially nude female to be anything other than sexual activity."

*Commonwealth v. Robbins,* 358 Pa.Super. 225, 516 A.2d 1266 (1986), *appeal denied,* 515 Pa. 577, 527 A.2d 538 (1987), *quoting Commonwealth v. Israeloff,* 8 Pa.D. & C. 3rd, 5 (1978).

We now undertake a review of appellants' contention that 18 Pa.C.S.A. § 5902 is vague and that its application to the present situation is achieved through judicial legislation and is therefore unconstitutional. Specifically, appellants contend that the statute does not give reasonable notice of the conduct which it proscribes, therefore it violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Commonwealth v. Heinbaugh,* 467 Pa. 1, 5, 354 A.2d 244, 246 (1976)

It is settled that the fair-warning requirement embodied in the Due Process Clause prohibits the States from holding an individual criminally responsible for conduct which he could not reasonably understand to be proscribed.

*Rose v. Locke,* 423 U.S. 48, 49, 96 S.Ct. 243, 244, 46 L.Ed.2d 185, 188 (1975). However,

" '[T]he Constitution does not require impossible standards'; all that is required is that the language 'conveys sufficiently definite warning as to the proscribed conduct when measured by *common understanding and practices....*' " (Emphasis added) *Roth v. United States,* 354 U.S. 476, 491, 77 S.Ct. 1304, 1312, 1 L.Ed.2d 1498 (1957); *see also District of Columbia v. Garcia,* D.C.App., 335 A.2d 217, *cert. denied,* 423 U.S. 894, 96 S.Ct. 192, 46 L.Ed.2d 125 (1975).

In dealing with the exact same issue, with substantially the same factual setting, *Commonwealth v. Robbins* found that the appellant therein had notice and fair warning that she was violating the law by allowing the performance of manual sexual stimulation for money.

Appellants, however, fault *Robbins* for failing to recognize that the issue there, as here, was not whether the term

"sexual activity" encompassed masturbation but whether masturbation is the type of activity intended to be prohibited by the Prostitution statute. *Robbins* specifically addressed this issue. We therefore quote the pertinent portion of that opinion.

> Furthermore, since the term "sexual activity" is undefined by the statute, we are obliged to construe that term according to its common and approved usage. *Barasch v. Pennsylvania Public Utility Commission*, 507 Pa. 430, 490 A.2d 806 (1985). *See also* Statutory Construction Act, 1 Pa.C.S.A. Section 1903 (a). *When the term "sexual activity" is examined in light of the statute's underlying purpose of prohibiting commercial exploitation of sexual gratification and also in light of its common and approved usage, there is no doubt that masturbation for hire falls within the statute's proscription.* Therefore, we find Section 5902 (a) is not unconstitutionally vague so as to cause appellant to seriously believe that she was not providing some form of sexual gratification for the payment of money.

*Commonwealth v. Robbins*, 358 Pa.Super. at 230, 231, 516 A.2d at 1269 (Emphasis added.).

■ Appellants' next contention is that the trial court erred in not permitting one of the appellants, Lee Cohen, to testify that he had relied on certain legal information that the business with which he was involved was not illegal. He cites *Commonwealth v. Bollinger*, 197 Pa.Super. 492, 179 A.2d 253 (1962) for the proposition "that a person is entitled to rely on the parameters in defining the legitimacy of their activities." (Appellant's brief at 17).

The legal information on which appellant relied is the case *Commonwealth v. Jayne Dougan*, 5 Pa.D. & C. 3d 406 (1978), which ruled that masturbation for hire did not constitute a sexual activity so as to come within the realm of the prostitution statute. This case is no longer a correct statement of the law since *Commonwealth v. Robbins*. Appellant argues, however, that the issue is not whether *Dougan* is controlling but whether his reliance on it negated his

intent to commit the crime of promoting prostitution. We feel that the trial court aptly addressed this argument when it stated:

The intent to commit the crime of prostitution as the Court perceives it relates to the intent to commit the specific acts prohibited by the statute. Such intent cannot relate to the Defendant's perception of the law since to do so would be to create an extremely questionable policy of allowing a defendant to submit to a jury that his understanding of the law did not make the criminal conduct a crime.

(Trial court opinion at 4).

We are therefore in agreement with the trial court that the appellant, in asserting his reliance on an interpretation of the law by a lower court, was in fact attempting to assert his ignorance of the law or mistake of law, neither of which are a defense to the commission of a crime. *See* 18 Pa.C. S.A. § 304 (providing for the defense of mistake of fact but not mistake of law).

Finally, appellants contend that the trial court erred when it admitted testimony, that the appellants characterize as hearsay testimony, of one of the employees of appellants' establishment concerning the use of the "hand release" in the massage. Specifically, the court allowed the state police undercover officer to testify that one of appellants' masseuses had instructed her as to the method used in giving a "hand release" and that a "hand release" was to be given with a massage. The trial court permitted the testimony on the basis that the masseuse, an employee of appellants, was acting within the scope of her employment when she made the statement and therefore it was admissible under an exception to the hearsay rule as an admission of a party. We find that the testimony was properly admitted, not as an exception to the hearsay rule, but as non-hearsay.

Testimony by a third person as to extra-judicial utterances made by another, when offered to prove the truth of the matter averred therein, constitutes hearsay

evidence and is inadmissible at trial. *Commonwealth v. Perry*, 279 Pa.Super. 32, 420 A.2d 729 (1980). Testimony as to an out-of-court statement is not hearsay, however, if offered to prove, not that the content of the statement was true, but that the statement was made. *Commonwealth v. Sampson*, 454 Pa.Super. 215, 311 A.2d 624 (1973). In the instant case appellants do not contend that a "hand release" was not being given at their establishment. In fact, at trial appellants' counsel indicated to the court that the fact that the hand release was to be given with every massage was not an issue. (N.T. 8/7/86 at 21). Therefore we find that the statement by the masseuse that a "hand release" was to be given with a massage was not offered to prove that such a technique was employed but simply to show that the statement was made. It therefore was not hearsay and was admissible at trial.

For the reasons stated above, the judgment of sentence is affirmed.