670 A.2d 666

**COMMONWEALTH of Pennsylvania**

v.

**Lena M. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1995.

Filed Jan. 5, 1996.

Harold Gondelman, Pittsburgh, for appellant.

Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before TAMILIA, FORD ELLIOTT and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from a judgment of sentence entered after appellant Lena M. Johnson was found guilty of prostitution [1] following a non-jury trial. We affirm.

The trial court has accurately and aptly summarized the facts of this case:

On June 29, 1994, at approximately 8:00 pm, Detective John Fisher was on an undercover assignment to investigate alleged prostitution at a massage parlor located at 2223 Murray Avenue. The price for a half-hour massage from a topless woman was $25.00, and from a naked woman was $35.00. [For a fee of forty-five ($45.00) dollars, the nude patron could also massage the nude masseuse]. Detective Fisher purchased the totally nude option. [Appellant] asked him to pay her before she began the massage. Detective Fisher was then told to take off all his clothes and lay face down on the table. He testified that [appellant] massaged his back, buttocks and rubbed his testicles. After he rolled onto his back, he solicited [appellant] to perform either intercourse or oral sex, and might have offered her fifty dollars for either service. [Appellant] refused but told Detective Fisher to place her hands on the part of his body that he would like to be massaged the most. He placed her hands on his groin and [appellant] asked whether she should use cream or baby oil. He requested baby oil and she put some on her hands and then began to masturbate Detective Fisher. [At that point, Officer Fisher advised appellant that she was under arrest].

Ronald Wilson, who performs services for the massage parlor, testified that there are signs throughout the establishment that have been displayed since September of 1990. These signs all indicate that the clients will only receive a good massage and not sexual services. The detective did not notice any such signs. The sign in the massage room states ["Please refrain from asking for sexual favors or session will be automatically over with"]. However, [appel-

1. 18 Pa.C.S.A. § 5902.

lant] admitted she did not terminate the session when he requested sexual favors.

Trial court opinion dated March 23, 1995 at 1–2 (citations to the record omitted).

After presiding over a non-jury trial, the Honorable Lester Nauhaus found appellant guilty of prostitution and ordered her to pay the costs of prosecution. In this timely appeal, appellant has framed the issues as follows:

1. Where a police officer enters into a contract with the [appellant], which contract is for her to give him a massage while both are completely nude and with no discussion of sexual activity, can the [appellant] be found guilty of engaging in sexual activity as a business when the police officer places her hands on his genitals?

2. Where signs are posted cautioning visitors to the massage parlor that no sexual activity will be tolerated, does a police officer who enters that establishment and pays for a massage without discussing sexual activity and who, after the contract is entered into, engages in requests for sexual activity, which are refused by the masseuse, and who then places the [appellant's] hands on his genitals when asked where he would like to be massaged has not the police officer entrapped the [appellant]?

Brief of Appellant at 8. We shall address these claims in the order presented.

Essentially, appellant first raises a challenge to the sufficiency of the evidence supporting her conviction for prostitution. When presented with a challenge to the sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner and drawing all proper inferences favorable to the Commonwealth, the trier of fact could have determined that all the elements of the crime have been established beyond a reasonable doubt. *Commonwealth v. Hagan,* 539 Pa. 609, 613, 654 A.2d 541, 543 (1995); *Commonwealth v. Martin,* 433 Pa.Super. 280, 285, 640 A.2d 921, 923 (1994). In making this determination, we must evaluate the

entire trial record and consider all the evidence actually received. *Commonwealth v. Woods,* 432 Pa.Super. 428, 432, 638 A.2d 1013, 1015 (1994), *appeal denied,* 539 Pa. 650, 651 A.2d 537 (1994). It is within the province of the fact finder to determine the weight to be accorded each witnesses' testimony and to believe all, part, or none of the evidence introduced at trial. *Commonwealth v. Molinaro,* 429 Pa.Super. 29, 33, 631 A.2d 1040, 1042 (1993).

> The facts and circumstances established by the Commonwealth "need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the jury unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can by drawn from the combined circumstances.'"

*Commonwealth v. Hodge,* 441 Pa.Super. 653, 657, 658 A.2d 386, 387–88 (1995) (quoting *Commonwealth v. Sullivan,* 472 Pa. 129, 150, 371 A.2d 468, 478 (1977) and *Commonwealth v. Libonati,* 346 Pa. 504, 508, 31 A.2d 95, 97 (1943)).

An individual is guilty of prostitution if he or she "is an inmate of a house of prostitution or *otherwise engages in sexual activity as a business....*" 18 Pa.C.S.A. § 5902(a)(1) (emphasis added). Preliminarily, we note that the trial court accepted the officer's conclusion that appellant engaged in an act of masturbation. *See generally Commonwealth v. Kunkle,* 424 Pa.Super. 499, 623 A.2d 336, *appeal denied,* 536 Pa. 621, 637 A.2d 281 (1993) (reviewing court may not substitute its judgment regarding issues of credibility and weight of the evidence based on a cold record for that of the trial court). Neither party disputes that masturbation of a male by a female for money constitutes sexual activity as a business. *Commonwealth v. DeStefanis,* 442 Pa.Super. 54, 61, 658 A.2d 416, 419 (1995), *appeal denied,* 542 Pa. 641, 666 A.2d 1051 (1995) (relying on *Commonwealth v. Cohen,* 371 Pa.Super. 558, 538 A.2d 582 (1988), *appeal denied,* 520 Pa. 581, 549 A.2d 914 (1988) and *Commonwealth v. Robbins,* 358 Pa.Super. 225, 516 A.2d 1266 (1986), *appeal denied,* 515 Pa. 577, 527 A.2d 538 (1987)). Accordingly, "in order for there to be prostitution,

there must not only be sexual activity (*i.e.*, manual sexual stimulation), but a payment of money as well, in other words, 'a prostitution business'.... '[B]usiness' is 'a commercial activity engaged in for gain.'" *DeStefanis*, 442 Pa.Super. at 62, 658 A.2d at 420. Appellant maintains that the Commonwealth failed to establish that the sexual activity was accompanied by a payment of money and thus failed to prove that appellant was engaged in sexual activity "as a business."[2]

In *DeStefanis, supra,* an undercover officer sought a massage at a fitness center. The center charged between sixty ($60.00) and sixty-five ($65.00) dollars for a legitimate massage. At the end of the massage, the masseuse advised the officer that a hand release was available but that oral sex and intercourse were not permitted. When the detective inquired about the price, the masseuse replied that a tip would be appreciated. The officer declined the service but returned to the center for a second massage. At the completion of that massage, he stated that he was interested in the availability of specific sexual acts other than a hand release. The second masseuse confirmed that, pursuant to "house rules," only hand releases were permitted. A female undercover officer who interviewed for a masseuse position was informed by the proprietor of the fitness center that if she chose, she could perform hand releases but that she was not permitted to engage in sexual intercourse. The masseuses earned twenty ($20.00) dollars per hour in addition to tips. *Id.* at 57–60, 658 A.2d at 417–18.

A panel of this court ruled that the evidence was insufficient to show the existence of a prostitution business:

When [the detective] inquired about the price of a hand release, the vague response was, "a tip would be appreciated." Arguably, when a client does not agree to pay for a sexual service up front, the ensuing act constitutes sexual

---

**2.** In *Cohen* and *Robbins,* the parties acknowledged that the massages given by the nude or semi-nude female masseuses to their male customers *included* masturbation of the male genitalia for a set fee. As a result, the "business" element of the offense was not contested. *Commonwealth v. Cohen,* 371 Pa.Super. 558, 538 A.2d 582 (1988); *Commonwealth v. Robbins,* 358 Pa.Super. 225, 516 A.2d 1266 (1986).

activity between two consenting adults. [The detective's] second masseuse, did not even make [the detective] an offer of any type of sexual activity; it was not until the massage was completed and [the detective] initiated inquiries ... about sexual options that she spoke about hand releases. There can be no assumption, therefore, that a hand release was included in the price of the massage.... [That the proprietor] indicated ... that providing hand releases was an acceptable way to make "tips" is not probative of a prostitution "business"....

*Id.* at 63, 658 A.2d at 420.

Appellant maintains that because she received no additional remuneration for the alleged sexual act she was not engaged in the "business" of prostitution. That appellant did not request an additional fee for the service is not dispositive. Appellant need not have specified a fee if the price of the hand release was included in the price of the massage.

One of the distinguishing factors in the instant case is the timing of the sexual act. In *DeStefanis*, discussion of sexual options did not occur until the end of the pre-paid massage. To the contrary, in this case, just two to three minutes into his thirty-minute massage, Officer Fisher rolled onto his back and requested sexual services. N.T. 1/10/95 at 8. As in *DeStefanis*, the officer, not the accused, suggested sexual activity. Although authorized to do so, however, appellant did not immediately terminate the session. Rather, she admitted to complying with her training and asking, "is there any other place you would like me to massage you. If there is, would you please place my hands there." N.T. 1/10/95 at 33. When the officer placed her hands on his penis, again, appellant chose not to terminate the session. Instead, she asked if he preferred cream or baby oil and began to masturbate him. N.T. 1/10/95 at 8–9.

Appellant emphasizes that signs were posted in the establishment warning customers, "[I]f you are looking for anything other than a good massage, please leave." N.T. 1/10/95 at 11. Nevertheless, she acknowledges that the price of the massage

escalated with the nudity of the masseuse. Moreover, by paying a forty-five ($45.00) dollar fee, a nude patron could massage a nude masseuse. As such, we are satisfied that something other that a good massage was contemplated. We find that the "sexual activity" performed in this case was included in the price of the massage and that the Commonwealth, therefore, presented evidence of a "prostitution business" beyond a reasonable doubt.

▆▆▆ Appellant also contends that the trial court erred in failing to conclude that she was entrapped. When the facts relating to the defense are not in dispute, the issue of entrapment may be decided as a matter of law. *Commonwealth v. Phillips*, 439 Pa.Super. 428, 434, 654 A.2d 591, 594 (1995). Otherwise, whether an entrapment has occurred is a question for the fact finder. *Commonwealth v. Morrow*, 437 Pa.Super. 584, 595, 650 A.2d 907, 912 (1994).

▆▆▆ A public law enforcement official or a person acting in cooperation with such official, commits an act of entrapment if, for the purpose of obtaining evidence of the commission of an offense, the official:

(1) mak[es] knowingly false representations designed to induce the belief that such conduct is not prohibited; or,

(2) employ[s] methods of persuasion or inducement which create a substantial risk that such offense will be committed by persons other than those who are ready to commit it.

18 Pa.C.S.A. § 313(a). The defense is "aimed at condemning certain impermissible police conduct which ... 'falls below standards' ... for the proper use of governmental power." *Morrow*, 437 Pa.Super. at 596, 650 A.2d at 913 (quoting *Commonwealth v. Thompson*, 335 Pa.Super. 332, 342, 484 A.2d 159, 165 (1984)). The courts, therefore, employ an objective test. *Commonwealth v. Weiskerger*, 520 Pa. 305, 312, 554 A.2d 10, 14 (1989); *Commonwealth v. Jones*, 242 Pa.Super. 303, 311, 363 A.2d 1281, 1285 (1976). Accordingly, in assessing the viability of this defense, we do not address the predisposition of the defendant. Rather, we must consider the "conduct of the police and the likelihood, objectively considered, that it

would entrap only those ready and willing to commit crime." *Morrow*, 437 Pa.Super. at 595, 650 A.2d at 913 (quoting *Commonwealth v. Jones*, 242 Pa.Super. 303, 363 A.2d 1281 (1976)). Merely affording opportunity, through police artifice and stratagem, for the commission of a crime by a person who already has the requisite intent is not entrapment. *Commonwealth v. Harris*, 431 Pa.Super. 222, 225, 636 A.2d 210, 211 (1994). Further, appellant must prove by a preponderance of the evidence that her conduct occurred in response to an entrapment. 18 Pa.C.S.A. § 313(b).

The officer in this case, entered the massage parlor, paid for a massage and requested sexual services. Although appellant initially refused, she immediately instructed the naked officer, who was reclining on his back, to place her hands where he most wished to be massaged. When he placed her hands on his penis, appellant began to masturbate him. She did not terminate the session. As such, the officer did no more than provide appellant with an opportunity to commit the criminal act. *See Commonwealth v. Danko*, 281 Pa.Super. 97, 421 A.2d 1165 (1980) (officer, by phoning massage service, paying for massage, inquiring about other services and paying appellant the requested fee for oral sex did not entrap appellant; the officer did not importune her to commit the crime and his behavior was not such as would induce an innocent person to act as a prostitute). Therefore, we find that the trial court did not err in rejecting appellant's defense of entrapment.

Judgement of sentence affirmed.