J-S53024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTINE C. BALLIET, | |
| Appellant | No. 2163 MDA 2015 |

Appeal from the PCRA Order November 25, 2015
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000603-2007, CP-14-CR-0001116-2007

BEFORE:  BOWES, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED OCTOBER 26, 2016**

Appellant, Christine C. Balliet, appeals from the order denying her timely first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

A criminal information filed on April 10, 2007, charged Appellant with three counts each of criminal attempt (murder of the first degree) and aggravated assault; two counts each of aggravated assault with a deadly weapon and simple assault; and one count each of simple assault (physical menace), possessing an instrument of crime, and recklessly endangering another person.

_____

[*]  Former Justice specially assigned to the Superior Court.

A criminal information filed on June 27, 2007, charged Appellant with a single count of criminal solicitation (first-degree murder). Upon the Commonwealth's motion, the trial court consolidated the cases on August 28, 2007. Appellant entered a guilty plea in February 2008, which she ultimately was permitted to withdraw on March 26, 2008. The trial court appointed new counsel on April 10, 2008.

On September 17, 2008, Appellant pled *nolo contendere*[1] to all counts. At the plea colloquy, the Commonwealth summarized the factual basis for the plea, as follows:

> If the case were to proceed to trial, the Commonwealth would present the testimony of several witnesses, one of whom is the victim in this case, Mr. Ron Balliet[,] who would establish that [Appellant] while in a vehicle, stabbed him in the chest area, after he was able to escape from that car, she then attempted to run him over with the vehicle although did not actually strike him with the tires of the vehicle.
>
> After she was arrested on those charges she made contact with an inmate while incarcerated and attempted to hire somebody to kill her husband. There was an undercover state trooper who went into the visit, [Appellant] at prison, posing as a hitman for lack of a better term, and we would present the testimony of him as well as the recorded tape that indicated that she had tried to hire him in order to finish off her husband.

N.T. (Plea), 9/17/08, at 9.

---

[1] "In terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. Kepner**, 34 A.3d 162, 166 n.2 (Pa. Super. 2011).

This Court previously summarized the ensuing procedural history as follows:

> Appellant, on October 20, 2008, was sentenced . . . on three counts from Docket Number 603-2007, namely, criminal attempt (murder of the first degree), possessing instruments of crime, and recklessly endangering another person, and one count from Docket Number 1116-2007, namely, criminal solicitation (murder of the first degree).[2] Nine days later, on October 29, 2008, [A]ppellant filed a *pro se* motion to withdraw the pleas. On the following day, October 30, 2008, [A]ppellant's attorney filed a post-sentence motion to modify sentence.[2] Appellant then filed a *pro se* addendum to the motion to modify sentence on January 15, 2009.
>
> > [2] On December 18, 2008, the trial court granted the motion of [A]ppellant's attorney, Charles J. Kroboth, Jr., to withdraw, and appointed Kelley Gillette-Walker, Esquire, to represent [A]ppellant. Almost three months later, on March 11, 2009, the trial court appointed Tami Fees, Esquire, to represent [A]ppellant. The record does not reflect any order regarding the withdrawal of Ms. Gillette-Walker.
>
> The trial court, on February 19, 2009, granted [A]ppellant's request, made through her attorney, for a thirty-day extension of time for the trial court to decide the post-sentence motions, and one month later, on March 20, 2009, the trial court, following oral argument, denied the post-sentence motion to modify sentence. The trial court did not rule on [A]ppellant's *pro se* motion to withdraw the pleas of *nolo contendere*.

---

[2] Appellant was sentenced to serve an aggregate term of imprisonment of eleven and one-half to twenty-three years after she entered pleas of *nolo contendere* to thirteen counts charged at Docket Number 603-2007 and one count charged at Docket Number 1116-2007.

*Commonwealth v. Balliet*, 11 A.3d 1012, 686 and 687 MDA 2009 (Pa. Super. filed August 5, 2010) (unpublished memorandum at 2–3) (footnote omitted). In affirming the judgment of sentence therein, we stated:

> Appellant . . . contends that the trial court erred in failing to entertain her post-sentence *pro se* motion to withdraw her pleas of nolo contendere. Appellant, however, "had no right to file a *pro se* motion because [she] was represented by counsel" and, thus, [A]ppellant's *pro se* motion to withdraw the pleas "was a nullity, having no legal effect." *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007) (citations omitted). Therefore, [A]ppellant's argument presents no basis upon which to disturb the judgment of sentence . . . .

*Id*. at 5.[3]

Appellant filed a timely *pro se* PCRA petition on May 9, 2011, and the PCRA court appointed counsel, who filed an amended petition on June 7, 2013. Due to the lengthy period from the filing of the initial PCRA petition on May 9, 2011, to this point, we are compelled to reference the procedural history for explanation. Despite having appointed counsel, Appellant filed a *pro se* motion to request exculpatory evidence on June 13, 2011. On September 9, 2011, after one continuance requested by Appellant's counsel, the PCRA court ordered Appellant to file an amended PCRA petition within twenty days. Appellant then filed eight *pro se* motions for various, unrelated

---

[3] Appellant also raised an ineffective-assistance-of-counsel claim in her direct appeal that we declined to address at that time. *See Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002) (ineffectiveness claims are properly brought in a collateral proceeding filed under the PCRA). *Balliet*, 11 A.3d 1012 (unpublished memorandum at 4).

- 4 -

issues between December 15, 2011, and March 20, 2013. One of the *pro se* motions, filed on February 25, 2013, was a motion for removal of counsel, which the PCRA court ultimately denied on April 29, 2013.

As noted, Appellant filed an amended PCRA petition on June 7, 2013; the Commonwealth filed an answer and new matter on July 12, 2013. The PCRA court rescheduled the August 22, 2013 PCRA hearing twice, eventually conducting it on February 6, 2014, following which it ordered the submission of briefs. On November 25, 2014, Appellant filed another *pro se* motion titled as a petition for reducing a sentence for substantial assistance. Appellant then filed a similar motion on August 3, 2015, titled as a motion to reduce a sentence for substantial assistance *nunc pro tunc*. By separate orders, the PCRA court denied both of the motions on November 25, 2015. Also on that date, the PCRA court denied Appellant's petition for PCRA relief. Appellant filed a timely notice of appeal to this Court. The PCRA court did not order the filing of a concise statement pursuant to Pa.R.A.P. 1925(b) but has filed a Rule 1925(a) opinion.

Appellant asserts the following issue on appeal:

> I.  Was [Appellant's] trial counsel ineffective so as to render her plea unknowingly, and involuntarily an[d] unintelligently entered?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the

conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert****,* 85 A.3d 1095, 1100 (Pa. Super. 2014).

Appellant is alleging trial counsel's ineffective assistance for failure to 1) review discovery with her, 2) interview a defense witness, and 3) seek to withdraw her plea. Appellant's Brief at 14. To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. ***Commonwealth v. Stewart***, 84 A.3d 701, 706 (Pa. Super. 2013) (*en banc*). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. ***Commonwealth v. Martin***, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to have rendered effective assistance of counsel. ***Commonwealth v. Montalvo***, 114 A.3d 401, 410 (Pa. 2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). "We need not analyze the prongs of an ineffectiveness claim in any particular order. Rather, we may discuss first any prong that an appellant cannot satisfy under the prevailing law and the applicable facts and circumstances of the

case." ***Commonwealth v. Johnson***, 139 A.3d 1257, 1272 (Pa. 2016) (citing ***Commonwealth v. Albrecht***, 720 A.2d 693, 701 (Pa. 1998)).

Appellant contends that her trial counsel failed to share discovery with her that would have "cast[] doubt on the credibility of Donna Baker," the inmate who allegedly "set up the hit man idea." Appellant's Brief at 14. Appellant maintains that if she had known the information about Donna Baker "she would have never accepted the plea." ***Id***. (citing N.T. (PCRA), 2/6/14, at 11).

Appellant has not clearly explained the nature of the discovery. Our independent review of the record suggests she is referencing a document presented at the PCRA hearing, marked "Defendant's Exhibit 1," which is a report by Pennsylvania State Trooper Franklin D. Linn, Jr. dated December 9, 2007, detailing, *inter alia*, interviews with Donna Baker, an inmate in the Centre County Jail, on November 29, 2007, and December 7, 2007. N.T. (PCRA), 2/6/14, at 13, Defendant's Exhibit 1. In the report, Trooper Linn stated that Donna Baker revealed Appellant "asked her if she knew anybody who she could hire to do away with her husband." ***Id***., Defendant's Exhibit 1, at 20. Trooper Linn's report also averred that Donna Baker claimed to have received letters from Appellant threatening to kill her because Baker "did not help [Appellant] have her husband killed." ***Id***., Defendant's Exhibit 1, at 21. Donna Baker also produced a letter she allegedly received on December 3, 2007, from Appellant telling Baker she "will be dead before

Christmas. She should have had Ron killed." *Id*., Defendant's Exhibit 1, at 22. Trooper Linn's investigation ultimately concluded that Donna Baker "was the one responsible for writing these letters or [she] had another inmate write them for her." *Id*., Defendant's Exhibit 1, at 23.

In addition, Appellant suggests trial counsel should have interviewed Centre County Corrections Officer Crisanne Kelley as an aid to establishing an entrapment defense to the charge of solicitation to commit murder. Appellant's Brief at 15 (citing N.T. (PCRA), 2/6/14, at 38–39, 46). Officer Kelley testified at the PCRA hearing that Donna Baker told the officer that she "had set it up for [Appellant] to talk to a hitman to dispose of her husband." N.T. (PCRA), 2/6/14, at 20. Appellant asserts that "[t]his information, had it been investigated by Trial Counsel, would have lent credence to a potential entrapment defense, and when coupled with the report in Discovery on Ms. Baker's credibility, would have given [Appellant] the needed information to proceed to trial." Appellant's Brief at 16.

In its opinion in support of the denial of Appellant's PCRA petition, the PCRA court stated the following:

> [Appellant] claims she was induced to plead nolo contendre [sic] because of false promises regarding sentencing made to her by Attorney Kroboth, who has denied making promises regarding sentencing. Amended Petition, 14 (a). Attorney Kroboth testified he told [Appellant] the Court would have all options available to it. **This Court determines Attorney Kroboth's testimony credible**.
>
> [Appellant] maintains she was not provided discovery material that may have been in the possession of her attorney.

- 8 -

Amended Petition, 14(d) and (f). This material, if known to her and discussed with Attorney Kroboth, could have formed the basis for an entrapment defense. Attorney Kroboth testified he could not have used the information about Donna Baker to present an entrapment defense. Police reports concerning Ms. Baker's informing law enforcement personnel about her conversations with [Appellant] about [Appellant] wanting to hire a hitman to kill her husband were not in the discovery. None of the information in the discovery indicated Ms. Baker was working with law enforcement.

Further, [Appellant] claims trial counsel was ineffective by failing to file a Motion to Withdraw the nolo plea. Her *pro se* Motion to Withdraw was not considered initially by the Court because she was represented by counsel. The Superior Court decision affirmed this [c]ourt's ruling. [Appellant] has not provided a basis for Attorney Kroboth to have filed a Motion to Withdraw the nolo contender [sic] plea.

[Appellant] has made accusations of ineffectiveness on the part of her trial counsel, but has not developed in her pleadings or testimony that Attorney Kroboth's actions or inactions could not have been the result of any rational, strategic or tactical decision by him. Consequently, this [c]ourt determines Attorney Charles Kroboth did not provide [Appellant] ineffective assistance such that her nolo contender [sic] was not knowingly, voluntarily and intelligently entered.

PCRA Court Opinion, 11/25/15, at unnumbered 4–5 (emphasis added).

Our review of the record compels our agreement with the PCRA court that because the underlying issues lack merit, counsel was not ineffective. Appellant's plea counsel, Charles Kroboth testified that he met multiple times with Appellant to discuss trial strategy. N.T., 2/6/14, at 108. Counsel stated that he considered, but dismissed, presenting an entrapment defense based on his thirty-five years of experience. *Id*. at 105, 111–113. Specifically, Attorney Kroboth denied that Appellant provided Corrections

- 9 -

Officer Kelley's name as a potential witness. Nevertheless, he testified that he and Appellant discussed strategy relating to the solicitation charge "many times." *Id*. at 110. He explained that if Appellant rejected entering a *nolo contendere* plea and decided to go to trial, while he considered presentation of an entrapment defense, "it [w]as a possibility but a very, very weak one." *Id*. at 112. Attorney Kroboth stated:

> It [the solicitation charge] certainly made the entire defense of the case more problematic in that even anything that [Appellant] could say about Ms. Baker, my rejoinder to Appellant would always be, but you didn't hire Ms. Baker. The conversation is with the undercover trooper posing as a hitman. They have your conversation on tape. . . .
>
> * * *
>
> [A]gain, because I think with the action of the trooper I had a hard time seeing how that would be—the actions of the trooper would [not] be influenced by what Baker did or didn't do.
>
> I mean, the way I was looking at it was the trooper is meeting with [Appellant], and [Appellant] is willing to meet with that person who she believes to be apparently a hitman, and how they got to that room with her present with that undercover trooper, I didn't think it would cause anything as far as a problem, what the trooper did, even if Baker was a jailhouse snitch, which I think we knew she was even at that point.

N.T. (PCRA), 2/6/14, at 110–113. Counsel thus concluded that any entrapment defense lacked strategic integrity and it would have been fruitless to pursue it. *Id*. at 112, 136.

Moreover, the testimony of Corrections Officer Kelley at the PCRA hearing simply reaffirmed that Donna Baker may have given Appellant the name of a "hitman" to contact. Indeed, that fact was the basis for the

investigation resulting in Appellant's charge with solicitation to commit murder. As the PCRA court pointed out, Donna Baker acted on her own, not with law enforcement; thus, entrapment could not have been a successful defense. PCRA Court Opinion, 11/25/15, at unnumbered 4 ("None of the information in the discovery indicated Ms. Baker was working with law enforcement."). Furthermore, merely affording opportunity through police strategy "for commission of crime by [a] person who already has requisite intent is not entrapment." *Commonwealth v. Johnson*, 670 A.2d 666 (Pa. Super. 1996). In other words, "[s]imply providing an opportunity to commit a crime that the defendant seizes is not entrapment; the police behavior must be 'outrageous and egregious.'" *Commonwealth v. Black 2009 Ford Mustang*, 125 A.3d 493, 498 (Pa. Cmwlth. 2015) (citing *Commonwealth v. Zingarelli*, 839 A.2d 1064, 1075 (Pa. Super. 2003)). That was not the case here. Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Loner*, 836 A.2d at 132. Moreover, neither Officer Kelley's testimony nor the purported discovery concerning Donna Baker's accusation of letters from Appellant supports the premise that the outcome of the proceedings would have been different but for Attorney Kroboth's alleged inaction. *Commonwealth v. Weiss*, 81 A.3d 767, 725–726 (Pa. 2013) (counsel not ineffective for failing to obtain impeachment evidence because it did not further defense strategy.).

Finally, Appellant suggests the fact that Appellant filed a *pro se* motion to withdraw her plea "should have alerted counsel to [a] problem as it related to Discovery." Appellant's Brief at 17. As noted by the trial court, we decided in Appellant's direct appeal that her *pro se* motion "was a nullity, having no legal effect." **Balliet**, 11 A.3d 1012 (unpublished memorandum at 5) (citing **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007)). Further, Appellant fails to develop the issue in any meaningful way, and we conclude it is waived. **See Commonwealth v. Woodard**, 129 A.3d 480, 509 (Pa. 2015) (quoting **Wirth v. Commonwealth**, 95 A.3d 822, 837 (Pa. 2013), which stated that "where an appellate brief fails to . . . develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [the] appellant's arguments for him.") (internal quotations omitted)). Even if not waived, the claim lacks merit. Attorney Kroboth testified emphatically that Appellant wanted to plead *nolo contendere* to avoid a trial and "expose her children to having to get on the stand and testify to their interactions, if you will, with Mr. Balliet. . . ." N.T. (PCRA), 2/6/14, at 133. The trial court specifically found counsel to be credible. Trial Court Opinion, 11/25/15, at unnumbered 4. Here, the trial court correctly determined that Appellant did not meet her burden of proving ineffective assistance of counsel.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/26/2016